### BOARD OF COM'RS OF HARMON COUNTY v. R. J. EDWARDS, Inc.

No. 18592—Opinion Filed June 19, 1928.

Rehearing Denied Dec. 10, 1929.

C. H. Madden, for plaintiff in error.

Clifford W. King, for defendant in error.

MASON, V. C. J. Harmon county, acting under the provisions of section 8572, C. O. S. 1921, as amended by Session Laws 1923, c. 176, invested certain sinking funds in waterworks bonds of the town of Shattuck, which were purchased from the defendant in error, R. J. Edwards, Inc. It appears that thereafter, the county being desirous of converting said bonds into cash, advertised the same for sale and requested bids to be submitted on a day certain Said bonds seem to have been issued in the year 1909. and, under their terms, mature in 1934, although they contain a provision that they were payable at the option of the maker on the first day of July, 1919, or any interest paying date thereafter. All bids submitted in conformity with said advertisement were rejected and withdrawn, and thereafter said bonds were put up and sold at auction. The defendant in error, having bid par, accrued interest, and a premium of $530, was the successful bidder.

Subsequently this action was commenced by R. J. Edwards, Inc., against the county commissioners of Harmon county to recover the amount of the premium paid in the sum of $530. Plaintiff's action is based upon the contention that the notice for bids, as published by the county, described said bonds as maturing in 1934, and omitted all reference to said optional provision; that plaintiff was without knowledge of said provision and relied upon said advertisement; that the bonds described in said advertisement had a market value of $530 more than the bonds actually sold and delivered to the purchaser.

The trial court rendered judgment for the plaintiff, and the defendant appeals.

Counsel cite and rely upon Gardner v. School District No. 87, 34 Okla. 716, 126 Pac. 1018, O'Neil Engineering Co. v. Town of Ryan, 32 Okla. 738, 124 Pac. 19, and Hyde v. City of Altus, 92 Okla. 170, 218 Pac. 1081, which announce the general rule that whoever deals with a municipality does so with notice of the limitations on its or its agents' powers.

The bonds in question were not sold in the proceedings containing the advertisement complained of. Therefore, we fail to see wherein any liability against the county could be incurred, but, assuming the rule to be otherwise, we think a general description

of the bonds would be sufficient, and one who purchased said bonds without proper examination did so at his peril.

Section 8573, C. O. S. 1921, which authorizes the sale of bonds which have previously been purchased as a sinking fund investment, provides that the same shall be sold by the county commissioners. In the instant case, it appears that the advertisement complained of was published by the county treasurer of said county. If so, said officer was acting entirely outside the scope of his duty, and the county would not be answerable for such misrepresentations or torts. Love v. City of Raleigh, 116 N. C.- 296, 21 S. E. 503, 28 L. R. A. 192; Mitchell v. City of Clinton (Mo.) 12 S. W. 793; Marth v. City of Kingfisher, 22 Okla. 602, 98 Pac. 436.

We know of no statutory authority or rule of law which will support the judgment of the trial court, and from the foregoing, we are of the opinion that said judgment must be, and the same is reversed.

PHELPS, LESTER, RILEY, and HEFNER, JJ., concur.

---

### On Rehearing.

MASON, C. J. After the petition for rehearing of defendant in error was denied, a second petition for rehearing was filed, and counsel for plaintiff in error have filed their response thereto.

Plaintiff in error, in said response, insists that the court should have gone further in the original opinion and held that the defendant in error, bonding company, had constructive knowledge of the provisions of said bonds and was bound thereby for the reason that Harmon county originally secured the bonds by purchase from said bonding company. We might have been justified in so doing, but we deem it unnecessary to discuss that question herein.

In the second petition for rehearing, counsel insist that plaintiff's petition in the lower court was founded upon allegations of a mistake of fact, in that notice of such sale described said bonds as maturing in the year 1934, while in reality and without the knowledge of said company, they contained a provision that they might be redeemed by the city of Shattuck at any time after 1919.

It can be conceded that the original advertisement for the sale of said bonds described the same as maturing in 1934, and that no mention was made of the provision therein that the same were payable at the option of the maker on the 1st day of July, 1919, or at any interest-paying date thereafter, yet we think the trial court erred in overruling the county's demurrer.

It is well settled that the law in force when a contract is made becomes a part of such contract as fully as if its provisions had been incorporated in said contract. The defendant in error is presumed to have knowledge of the law relative to such bonds. The petition and agreed facts herein disclose that said bonds were "water-works bonds" of the town of Shattuck. Plaintiff's petition discloses that said bonds were issued in the year 1909, and were due in 1934. Section 4414, C. O. S. 1921, which has been a part of the Oklahoma Statutes since 1893, provides that water-works bonds shall run for 25 years and be payable at any time after ten years at the will of the city or town.

The bonds herein were dated and issued in the year 1909, and, as advertised, were due in 1934. The provision that they should be payable on July 1, 1919, or any interest-paying date thereafter, was in strict compliance with the above statutory provisions.

We must conclude, therefore, that there was no mistake of fact, for the reason that said statute must be read into the provisions of the bonds, and for the further reason that the defendant in error is charged with knowledge of the law.

The second petition for rehearing is denied.

LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.