**HOGUE et al. v. STEPHENS.**

No. 21468. Opinion Filed Sept. 6, 1932.

Cook & Bingaman, for plaintiffs in error.

J. S. Estes, for defendant in error.

HEFNER, J. This is an action brought in the district court of McClain county by S. M. Hogue and Laura J. Hogue against E. F. Stephens to recover possession of a tract of land located in that county, and to recover damages for alleged waste committed thereon by defendant.

Plaintiffs allege that, on February 23, 1928, they leased to defendant the tract of land in question for the purpose of operating a filling station thereon for a period of one year, beginning March 1, 1928, with an option on the part of defendant to renew the lease for a period of four years at the

same rental. They further pleaded that the option given defendant to renew the lease was without consideration and therefore void; and that the lease had terminated at the time the action was commenced; and defendant had forfeited his right thereunder for the reason that he committed waste upon the leased premises: First, by destroying the lighting system installed on the premises; and, second, by materially damaging the buildings erected thereon. Plaintiffs prayed for cancellation of the lease, possession of the premises, and for damages.

Defendant's answer consisted of a general denial, a counterclaim for damages because of the alleged breach by plaintiffs of the lease contract, and a plea of res adjudicata. The plea of res adjudicata was sustained by the trial court and the jury was directed to return a verdict in favor of defendant. From the judgment plaintiffs have appealed and assign this ruling as error.

The record shows that shortly after the filing of this suit, plaintiffs brought another action in the district court of Oklahoma county against this defendant and others to recover damages because of the alleged trespass and malicious act of defendants in cutting a water pipe line belonging to plaintiffs and which was located on premises adjacent to the leased premises upon which defendant's filling station was located. In their petition in the Oklahoma county action, plaintiffs pleaded the execution of the lease here involved, and alleged that under the terms thereof they agreed to furnish water to defendant for the operation of the filling station; that for this purpose they constructed a pipe line leading from adjacent property owned by them to the leased premises; and that defendants trespassed upon plaintiffs' adjoining property and maliciously cut the pipe line, thereby materially damaging plaintiffs. Defendant Stephens, in that action, filed a counterclaim in which he claimed damages because of an alleged breach of the lease contract on the part of plaintiffs. Plaintiffs filed a demurrer to the counterclaim on the ground that the damages claimed could not be properly pleaded in a counterclaim in that action. The demurrer was overruled, and plaintiffs filed a reply which consisted of a general denial and a denial of the right of defendant to recover damages in the counterclaim in that action. Defendants prevailed in the Oklahoma county action and defendant Stephens recovered judgment against plaintiffs on his counterclaim. The trial court in the instant case held the judgment in the Oklahoma county case res adjudicata of the question here involved. In our opinion, it erred in so holding.

The issues in these causes of action are not identical. The right to the possession of the leased premises was not involved in the Oklahoma county action, and the district court of that county was without jurisdiction to determine that question, and the plaintiffs did not seek to recover possession thereof in that action. The validity of the lease contract was not involved in that action. Plaintiffs therein, upon proof sustaining the allegations of their petition, would have been entitled to judgment in their favor in that action without reference to whether or not the lease was valid. It was not necessary for them to sustain a recovery to establish the validity of the lease contract. The lease was only mentioned incidentally in that action by plaintiffs and was only mentioned to show the purpose for which the water line was constructed. Their action, in that case, was one in tort to recover damages for malicious acts of defendants in destroying the water line, and upon proof of these allegations, they were entitled to prevail regardless of whether defendant Stephens had forfeited his right under the lease contract.

In the case of In re Assessment of the First Natl. Bank of Chickasha, 93 Okla. 233, 220 P. 909, it is said:

"The conclusiveness of a judgment extends only to the question directly in issue, and not to any incidental or collateral matter, though it may have arisen and been passed upon."

In the case of Crowe v. Warnarkee, 114 Okla. 153, 244 P. 744, the following rule is announced:

"In order to make a matter 'res judicata' there must be the concurrence of the four conditions following: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and the parties to the action or their privies; (4) identity of the quality in the person for or against whom the claim is made."

Under these authorities, the court erred in sustaining defendant's plea of res adjudicata.

The fact that defendant in the Oklahoma county action filed a counterclaim for damages for an alleged breach of the lease contract does not change the rule. If plaintiffs breached the contract prior to the time

a forfeiture of the lease was declared, defendant, in a proper action, would have been entitled to recover judgment against them for damages sustained by him by reason of such breach. Such judgment, however, would not estop plaintiffs from thereafter bringing an action in a court of competent jurisdiction to obtain a forfeiture of the lease and to recover possession of the premises.

It appears that plaintiffs prosecuted an appeal to this court from the judgment rendered in favor of defendant on his counterclaim in the Oklahoma county action, and superseded that judgment. This court, on such appeal, held that defendant could not recover the damages claimed by him by way of counterclaim in that action, and reversed the judgment and remanded the case for a new trial. Hogue v. Stephens, 159 Okla. 31, 14 P. (2d) 219, this day decided.

Under the record here presented, the trial court erred in directing a verdict in favor of defendant. The judgment is reversed and the cause remanded for a new trial.

LESTER, C. J., and RILEY, CULLISON, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., concurs in reversal. CLARK, V. C. J., and SWINDALL, J., absent.