**BLACKLEDGE v. JONES et al.**

No. 26070.    Feb. 19, 1935.

Springer & Hervey, for plaintiff.

H. F. Mathis, for defendants.

PHELPS, J. The city of Ada is operating under a charter commission form of government. It passed an ordinance prohibiting the operation of moving picture shows, for hire, on Sunday.

The plaintiff herein was charged, arrested, and convicted in the municipal court of violating this ordinance. A fine was imposed upon him, which he refused to pay, and he was committed to jail. He filed his original action in this court for a writ of habeas corpus praying that he be discharged. There is no disputed question of fact in the case. The plaintiff claims that the ordinance under which he was arrested and convicted was void for three reasons:

(1) That there is no inherent power in the city to pass an ordinance prohibiting Sunday shows.

(2) That such an ordinance is in contravention of the laws of the state of Oklahoma.

(3) That no power has been delegated to the city of Ada by the Constitution or laws of the state or by its charter to pass an ordinance prohibiting Sunday shows.

The first proposition is conceded by counsel for defendants, which leaves the two remaining questions, to wit:

First. Is the ordinance in contravention of the laws of the state of Oklahoma?

Second. Does the Constitution or statutes of the state or the charter of the city of Ada delegate to the city the power or authority or permit it to enact and· enforce an ordinance prohibiting Sunday shows?

The answer to the first question must be in the negative and the answer to the second must be affirmative. Section 3a of article 18, of the Constitution of Oklahoma provides:

"Any city containing a population of more than two thousand inhabitants may frame a charter for its own government, consistent with and subject to the Constitution and laws of the state. * * * Upon such approval it shall become the organic law of such city and supersede any existing charter and all amendments thereof and all ordinances inconsistent with it."

Section 4508, C. O. S. 1921 (section 6432, O. S. 1931), provides:

"When a charter for any city of this state shall have been framed, adopted, and approved according to the provisions of this article, and any provisions of such charter shall be in conflict with any law or laws relating to cities in force at the time of the adoption and approval of such charter, the provisions of such charter shall prevail and be in full force, notwithstanding such conflict, and shall operate as a repeal or suspension of such state law or laws to the extent of such conflict; and such state law or laws shall not thereafter be operative in so far as they are in conflict with such charter: Provided, that such charter shall be consistent with and subject to the provisions of the Constitution, and not in conflict with the provisions of the Constitution. * * *"

Section 3 of the city charter of Ada reads as follows:

"The city of Ada shall have the power to enact and enforce all ordinances necessary to protect health, life, and prosperity and to prevent and summarily abate and remove nuisances and to preserve and enforce good government and order for the security of the city and its inhabitants; to enact and enforce **all ordinances upon any subject;** provided, that no ordinance shall be enacted inconsistent with the general laws of this state, the state Constitution or this charter."

In view of the foregoing provisions of the Constitution and statute, this ordinance is valid and enforceable unless it is inconsistent, or in conflict, with some provision of the constitutional or statutory laws of the state. It is urged by counsel for plaintiff that the ordinance in question is in contravention of the laws of the state. With this contention we cannot agree. They cite In re Gribben, 5 Okla. 379, 47 P. 1074, in which case one Carrie Gribben, a member of a religious organization known as the "Salvation Army," while holding religious services on the streets of Oklahoma City was arrested and charged with violating an ordinance of said city "by making a noise upon the streets of said city, by beating a drum therein, said noise then and there made being of such a character and to such an extent, and at such a time and place as would be likely to cause horses and teams to become frightened and ungovernable, and of such a character, extent and duration as to annoy and disturb other persons. * * *"

This authority does not support the contention of the counsel, as will be seen from the following quotation from the opinion:

"To determine the validity of the ordinance in question in this case, we must first determine whether there has been a grant or delegation of authority by the Legislature of the territory to the city of Oklahoma City to pass such ordinance. The city of

Oklahoma City was not created by special charter, but is organized as a city of the first class under the provisions of a general law of the territory."

Whereas the ordinance in the instant case was passed by the city of Ada under the authority delegated to said city of Ada by the provisions of the Constitution and statutes above quoted.

They also cited State v. Tibbetts, 21 Okla. Cr. 168, 205 P. 776. In this case Tibbetts was arrested, charged with violating section 3757, R. L. 1910, fixing the hours of work and rate of pay while working on a city project for the city of Pawhuska, which was operating under a charter form of government. It was there contended that, since' Pawhuska was operating under a charter form of government and the project under construction was a municipal improvement in which the state had no interest, the general laws of the state fixing the hours and rate of pay had no application. The criminal Court of Appeals overruled that contention, holding that, since the Legislature had enacted a general law on this question applying to all the people of the whole state, the defendant would not be exempted from its operations although employed by and working on a municipal project for the city of Pawhuska in which the state at large had no direct interest. It will thus be seen that this authority has no application to the facts in the instant case.

They also cite State v. Smith, 19 Okla. Cr. 184, 198 P. 879, where it was charged in the county court of Craig county that defendant "committed the crime of Sabbath breaking, in that he willfully and unlawfully performed certain servile labor, to wit, sold tickets at and for a certain moving picture show and performance on the first day of the week, commonly called Sunday."

The Criminal Court of Appeals in the body of the opinion said:

"It is for the Legislature to say whether or not they shall operate on Sunday."

It is contended by counsel that the above quotation from the opinion lays down the rule that whether moving picture shows are permitted to operate on Sunday is a matter under the exclusive jurisdiction and control of the Legislature, thereby divesting cities operating under a charter form of government from regulating them by ordinance. It will be seen at a glance that this authority is not susceptible of such construction. In that case the defendant was not being prosecuted for running a picture show on Sunday, but was being prosecuted for violating the state statute of "Sabbath breaking," and the court held that operating a picture show on Sunday was not a violation of this statute.

Counsel for plaintiff also refers to Ex parte Johnson, 29 Okla. Cr. 66, 201 P. 533, wherein the defendant was arrested, charged with violating a city ordinance of the city of Bartlesville by operating and maintaining a moving picture show on Sunday. The Criminal Court of Appeals released the defendant, not upon the grounds that the city of Bartlesville could not properly pass and enforce an ordinance prohibiting the operation of moving picture shows on Sunday, but on the grounds that the defendant was fined more than $20 and did not have the advantage of a trial by jury. In discussing the case the Criminal Court of Appeals used language quite pertinent to the facts here when it said:

"Within the limitations prescribed by the Constitution, it was clearly the intent of the framers of the Constitution to delegate local self-government to cities under a charter form of government in a larger measure and to a greater extent than is accorded cities existing under general law. Under the general laws of this state municipal corporations are vested with local police powers delegated to them by statutes, specifically expressed or necessarily implied. Cities may make and enforce within their limits all such local police, sanitary, and other regulations as are calculated to promote the health, sanitation, comfort, convenience, and welfare of the community, not in conflict with the Constitution and general laws. If cities existing under general laws have these powers, cities existing under special charters may have all these and more, depending upon the provisions of the charter. * * *

"This court held in the case of State v. Smith, 19 Okla. Cr. 184, 198 P. 879, that it was within the power of the state Legislature to prohibit moving picture shows on Sunday. If the state has that power and fails to exercise it, we think the city of Bartlesville may do so under its express and implied powers derived from the Constitution, general laws, and its charter. Even if the Legislature should hereafter, by general law, specifically prohibit moving picture shows on Sunday, the lawmaking body of the city might still legislate upon the same subject so long as it did so without being in conflict with the general law. In other words, a municipality may move in the same direction as the Legislature, but not contrary to nor in an opposite direction. 3 McQuillin on Municipal Corporations, sec. 894; Ex parte Johnson, 13 Okla. Cr. 30,

161 P. 1097; Ex parte Monroe, 13 Okla. Cr. 62, 162 P. 233.

"The express and implied powers granted to municipalities in this state, relating to police regulations, cover a multitude of subjects, among those enumerated in the statutes being to enact, ordain, alter, modify, or repeal any and all ordinances, not repugnant to the laws of the United States and the Constitution and laws of this state, as shall be deemed expedient for the good government of the city, the preservation of the peace and good order, the suppression of vice and immorality, and measures affecting the health and general welfare of the community. Sec. 572, R. L. 1910, et seq. Where such powers are delegated to municipalities in general terms the lawmaking power is not limited to the treatment of subjects specifically named, but there is the implied power of determining, within the bounds of reason, when any specific act or omission is deemed to be inimical to the good order or general welfare of the community. It is well recognized in this country that the cessation from ordinary labor one day in seven is a salutary regulation, calculated to promote the peace, health, and good order of the people. We hold, therefore, that the regulation or prohibition of Sunday amusements is not unreasonable, and is a necessarily implied power granted to municipalities under the Constitution, statutes, and charter of the city, in the exercise of its police power. 3 Dillon on Municipal Corporation (5th Ed.) sec. 719."

The right of local self-government has been jealously guarded and zealously defended since the foundation of the American Republic was laid, and if the citizens of Ada do not see fit to allow moving picture shows to operate on Sunday, they have a perfect right, under the laws of this state, by proper ordinance, to close them. We hold that there is no statutory law prohibiting the passage and enforcement of such an ordinance, and the provisions of the Constitution, statutes, and city charter are sufficiently broad to permit and justify the passage and enforcement of such ordinances, and that such an ordinance is not in conflict with or repugnant to the provisions of the state law.

The writ is denied.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.