**BLUMENAUER et al. v. KAW CITY.**

No. 28106.   March 29, 1938.

410

W. II. Hills, for plaintiffs in error.

O. B. Martin, for defendant in error.

DAVISON, J., The plaintiffs, George Blumenauer and W. E. Krumrei, doing business under the firm name and style of Blumenauer & Associates, brought this action against the city of Kaw City to recover a balance alleged to be due them for services rendered as architect and engineer in the preparation of plans and specifications to be used in the construction of a proposed city hall for Kaw City.

The record shows that Kaw City, Okla., through its city council, passed a resolution authorizing and instructing Jessie P. Willis, the mayor of Kaw City, to enter into a contract employing the plaintiffs as architects and engineers to prepare plans and specifications to be used in connection with the erection of a city hall which was to be built with funds to be supplied by the federal government as a W. P. A. project. The contract in writing was entered into between the plaintiffs and Mayor Willis in October, 1935. The contract was never submitted to the city council for consideration, approval, or ratification.

The plans and specifications were prepared, but the record does not show the same were presented to or approved by the city council.

In March, 1936, the city council of Kaw City abandoned and rejected the proposal to erect the building and declined to carry out the contract entered into by the mayor and plaintiffs.

The plaintiffs claimed the sum of $537 for services rendered, and of which sum $135 had been paid. Upon refusal by the city council to pay the balance of $378, suit was instituted, resulting in a judgment for the defendant, and from which judgment the plaintiffs have appealed.

The contentions of error are that the judgment is contrary to the evidence and contrary to law.

The legality of the contract presents the sole question for our consideration.

In the absence of anything to the contrary in the record, we will assume that Kaw City is operating under provisions of the municipal code governing cities and towns. Chapter 33, article 19, O. S. 1931, governing cities and towns, defines the corporate powers and duties of officers in cities and towns. Section 6351 thereof provides:

"The powers granted to, and conferred upon cities, shall be exercised by the mayor and council of such cities as provided by law."

Under the provisions of section 6380 of said chapter and article, the mayor and council have the care, management, and control of the city and its finances. The city council is not authorized by resolution to delegate its authority and powers to the mayor or other members of such council giving authority to incur financial obligations upon the city by contract not approved nor ratified by the council. The contract entered into between the mayor and the plaintiffs was a nullity and without force and effect. This court has often held that "whoever deals with a municipality does so with notice of the limitations on its or its agents' powers. All are presumed to know the law, and those who contract with it or furnish it supplies do so with reference to the law: and if they go beyond the limitations imposed, they do so at their peril." Protest of Carter Oil Company, 148 Okla. 1, 296 P. 485; Board of Com'rs of Harmon County v. R. J. Edwards, Inc., 140 Okla. 247, 282 P. 1090.

The judgment of the trial court is correct and affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, and CORN, JJ., concur.