CITY OF MUSKOGEE v. SENTER.

*96 P. 2d 534.*

No. 29034.   Oct. 10, 1939.

Rehearing Denied Nov. 7, 1939.

Application for Leave to File Second Petition for Rehearing Denied Dec. 12, 1939.

C. A. Ambrister, of Muskogee, for plaintiff in error.

C. F. Gordon and Kelly Brown, both of Muskogee, for defendant in error.

DAVISON, J.   This case is presented on appeal from the district court of Muskogee county.

Error is urged in connection with a judgment therein rendered (without the intervention of a jury) on the 11th day of October, 1938, under which the city

of Muskogee, Okla., was adjudged liable to Leon B. Senter for the principal sum of $9,614.71, together with accumulated interest thereon at the rate of 6 per cent. per annum from the 1st day of January, 1938.

In the trial tribunal Leon B. Senter, who appears herein as defendant in error, was plaintiff and the city of Muskogee, plaintiff in error herein, was defendant. In this opinion we shall refer to the parties by their trial court designation when not otherwise identified.

The plaintiff is an architect. On or about the 27th day of July, 1936, he entered into a written agreement with S. P. Mann and John Reynolds, who were, respectively, city manager and mayor of the defendant city, and who purported to act for and on behalf of the city in making the agreement whereby the plaintiff agreed to perform professional services of an architectural nature in connection with the construction and repair of certain public buildings to be erected and repaired by the city of Muskogee in conjunction with the Works Progress Administration. The professional services were according to the contract to include:

"* * * preliminary studies, complete working drawings and specifications together with necessary scale and detail drawings, and complete project proposals and work schedule and analysis of labor on Form 301 and Form 303 as required by the Works Progress Administration."

The contract contemplated approval of the plans by the Works Progress Administration.

In consideration of the contemplated services, the municipal officers above named undertook to bind the city to pay the plaintiff 4 per cent. of the cost of constructing the proposed improvements.

In accordance with the foregoing agreement, the plaintiff prepared plans, specifications, etc., which he asserts, and the trial court found, were approved by the Works Progress Administration and constituted performance by him of his part of the foregoing agreement. We may assume for the purpose of this decision that his position in this respect is correct, although the plans were not used in connection with the contemplated improvements.

Upon refusal of the city to pay his claim for the services thus rendered, this action was instituted by the plaintiff and successfully prosecuted in the trial court, which found that the written agreement heretofore mentioned was a valid and binding contract of the city of Muskogee.

The city presents the case on appeal on the theory that no contract was ever made by it. In this connection it points out that the purported contract was never authorized or approved by the council of the city of Muskogee and urges that neither the mayor nor city manager possessed the authority to bind the city by independent action on their part.

There is evidence in the record that the individuals who constituted the city council knew that the plaintiff was performing architectural services under some kind of an agreement; however, the plaintiff does not contend that personal knowledge on the part of the members of the governing body of a municipal corporation constitutes an effective substitute for formal consideration and approval of an agreement, where such consideration and adoption or ratification is requisite. Thus a discussion of the manner in which a council or other governing municipal body should act in order to obligate a municipality is unwarranted in this opinion.

The plaintiff takes the position that, by reason of the charter provisions of the city of Muskogee, the mayor of that city is authorized to contract for and in behalf of the city, independent of any action on the part of the council. He urges that, since the agreement relied upon by him was signed by the mayor assuming to act for the city, it constituted a valid contract even though no action was taken by the council in connection therewith.

Under the statutory law of this state,

which, in the absence of charter provisions superseding the same, governs the conduct of municipal affairs, contracts of the character now under consideration cannot be consummated in behalf of a city by the mayor acting independently of the council. Blumenauer et al. v. Kaw City, 182 Okla. 409, 77 P. 2d 1143; § 6351, O. S. 1931, 11 Okla. St. Ann. § 569. This is in accord with the prevailing rule on this phase of the law. See 44 C. J. 79; McQuillin on Municipal Corporations (2d Ed.) § 599, p. 597.

In this jurisdiction, however, cities may adopt charters containing provisions not in accord with the general law, and insofar as such charter provisions conflict with the state law on subjects relating to purely municipal matters, the state law is thereby superseded. Section 3, art. 18, Oklahoma State Constitution; section 6432, O. S. 1931, 11 Okla. St. Ann. § 564; Caruth, Mayor, v. State ex rel. Tobin et al., 101 Okla. 93, 223 P. 186; Hinz, Com'r, etc., of City of Sand Springs, v. Hubbard et al., Com'rs of City of Sand Springs, 95 Okla. 164, 216 P. 440; Blackledge v. Jones et al., 170 Okla. 563, 41 P. 2d 649. It should be noted in this connection, however, that the adoption of such a provision does not supersede the general law beyond the extent of the conflict involved.

Muskogee is a home rule city. By article 6 of the charter, it is provided:

"81. (a) The Mayor shall *sign* all contracts, bonds, or other instruments requiring the assent of the City and take care that the same are duly performed."

The plaintiff relies upon this charter provision as vesting in the mayor the power, a c t i n g independently of the council, to bind the city by contract. The argument is in substance that the authority to sign a contract implies the power to contract and deprives the council of authority with respect to contractual matters. The sweeping implications of this argument can best be appreciated when we consider that the same charter provision also alludes to "bonds or other instruments requiring the assent of the city." Can it be that the people of Mus-

kogee by the adoption of this brief charter provision intended to lodge in the mayor dictatorial powers with respect to the subject matter therein alluded to? We are unable to comprehend such an intent f r o m the language employed without doing violence to its natural meaning.

The verb "sign," among other definitions, not possible of application in this case, means, according to Webster: "To affix a signature." In no sense does it comprehend the authority to act as an agent possessing b r o a d discretionary powers. We are of the opinion that the people of the city of Muskogee used the word in accord with its natural meaning to authorize the mayor to sign formal contracts for the city after the decision to bind the city by such instruments has been made by the proper authorities. We decline to recognize as vested in the mayor of that city a sweeping breadth of power by giving to the language employed in the charter a distorted and unbalanced meaning.

The plaintiff says in his brief that no other charter provision alludes to the making of contracts of the class here involved. It follows, then, that the power to bind the city by contract is governed by the general law of this state and our decision is controlled by Blumenauer v. Kaw City, supra, wherein we held that power of the nature herein involved rests in the mayor and council.

The plaintiff stresses the case of McKinney v. City of Wagoner, 45 Okla. 28, 144 P. 1071, and urges the same in support of his position. We have carefully examined that case as well as other cases cited by the defendant and find nothing therein contrary to the views herein expressed.

In view of our holding upon the point herein discussed, it is unnecessary to consider other arguments relied upon by the defendant city for reversal of the trial court's decision.

The judgment of the trial court is reversed.

BAYLESS, C. J., and RILEY, HURST, and DANNER, JJ., concur.