OKLAHOMA CITY v. MILLER.

No. 30348.   Feb. 3, 1942.

Rehearing Denied March 3, 1942.

*122 P. 2d 807.*

A. L. Jeffrey, Municipal Counselor, Granville Scanland, Asst. Municipal Counselor, and J. O. Moss, all of Oklahoma City, for plaintiff in error.

Thad L. Klutts, of Oklahoma City, for defendant in error.

PER CURIAM. This appeal involves the liability of a municipality on a verbal contract made by its manager to an employee whereunder the employee was to receive compensation for an injury sustained in the course of his employment.

On July 18, 1929, Ben Miller, hereinafter referred to as plaintiff, while employed as a truck driver in the garbage department of Oklahoma City, a municipal corporation, hereinafter referred to as defendant, sustained an accidental personal injury which resulted in the loss of his left eye. The injury was reported to the manager of the defendant, who directed plaintiff to file a claim therefor with the State Industrial Commission. Pursuant to such direction employee's first notice of injury and claim for compensation was duly filed with the commission. Subsequently, the State Industrial Commission made an award to the plaintiff for the loss of his eye and fixed his compensation at the sum of $1,800. The defendant paid and satisfied said award and the case was closed. Thereafter, in September, 1937, the plaintiff filed an application with the commission to reopen his case and to be given an award for further compensation on the ground of change in condition. The defendant then challenged the jurisdiction of the State Industrial Commission for the reason plaintiff had sustained his injury in a noncompensable employment. This challenge was sustained by order of the commission made in March, 1939, and thereupon the plaintiff instituted the present action. The plaintiff first sought to recover for his injury upon the alleged breach of the nondelegable duty of the defendant to furnish him with safe tools with which to perform the work in which he was engaged. Special demurrer, which interposed the bar of the statutes of limitations, was sustained to said petition. Plaintiff then filed several amended petitions, the last of which being the third amended petition, and therein changed his cause of action from one ex delicto to one ex contractu, alleging that he had an agreement with the manager of the defendant whereby he was to file his claim with the State Industrial Commission and whereunder defendant would pay compensation in accordance with the schedule provided by the Workmen's Compensation Act (section 13356, O. S. 1931, 85 Okla. St. Ann. § 22). General and special demurrers interposed by the defendant were overruled. The defendant then filed an answer in the form of a general denial and a special plea to the jurisdiction based upon the immunity of the defendant as a branch of the sovereign. Defendant subsequently filed supplemental answer which raised the statute of limitations in bar. Reply consisted of a general denial. Upon the issues so framed, the cause proceeded to trial before a jury. The evidence adduced at the trial, insofar as it is material to the issues here involved, discloses, substantially, the following state of facts: That plaintiff had a conversation with the then manager of the defendant wherein, as testified by the plaintiff, the manager promised to pay compensation in accordance with the schedule provided in

the Workmen's Compensation Act, supra, and to see that the defendant paid any further damages which might result from change in condition in accordance with said schedule. The court left the determination of the existence of the contract to the jury, and instructed them that if they found from the evidence that defendant had contracted to pay compensation in accordance with the provisions of the Workmen's Compensation Act, then they should find for the plaintiff in the sum of $7,700. The jury returned a verdict in favor of the plaintiff and fixed his recovery at said sum of $7,700. Motion for new trial, after remittitur of $500 had been ordered, was overruled, and judgment entered in favor of the plaintiff. The defendant appeals from the judgment so entered and the order which overruled its motion for new trial.

As grounds for reversal of the judgment the defendant assigns eleven specifications of error, which are presented under four propositions as follows:

"Proposition I. Plaintiff's petition does not allege and the evidence introduced in the trial of this cause does not reveal facts which in law constitute a contract binding upon defendant herein entitling plaintiff to recover thereon.

"Proposition II. A municipal corporation may enter into contractual obligation only in the manner prescribed by law, and a city manager of a municipal corporation cannot contractually obligate the municipality by oral conversation where there is no express charter or statutory provision that the municipality may become contractually obligated in such manner.

"Proposition III. Defendant's demurrer to plaintiff's petition, demurrer to plaintiff's evidence, motion for directed verdict, and motion for judgment notwithstanding the verdict should each or all have been sustained by the court below.

"Proposition IV. 'Where an action based on a contract is brought against a city, the trial court is without jurisdiction to render judgment against the city unless sections 5976-5979, O. S. 1931, 62 Okla. St. Ann. §§ 361-364, are

complied with; and complaint of the failure to comply therewith may be raised for the first time on appeal.' Oklahoma City v. Green Construction Co., 184 Okla. 98, 84 P. 2d 623."

If the manager of the defendant had authority to bind the defendant by contract, then there would have been sufficient consideration for such a contract and the rule which plaintiff seeks to invoke as announced in Oklahoma Portland Cement Co. v. Pollock, 181 Okla. 266, 73 P. 2d 427, would be applicable. The situation here presented, however, differs radically both in fact and in principle from that involved in the case cited. The defendant, being a municipal corporation, could contract only in the manner provided by law. For, as said in City of Muskogee v. Senter, 186 Okla. 174, 96 P. 2d 534:

"Under the statutory law of this state, which, in the absence of charter provisions superseding the same, governs the conduct of municipal affairs, contracts of the character now under consideration cannot be consummated in behalf of a city by the mayor acting independently of the council. Blumenauer et al. v. Kaw City, 182 Okla. 409, 77 P. 2d 1143; section 6351, O. S. 1931, 11 Okla. St. Ann. § 569. This is in accord with the prevailing rule on this phase of the law. See 44 C. J. 79; McQuillin on Municipal Corporations (2d Ed.) § 599, p. 597."

The defendant is a charter city, but it is not made to appear that its manager had any authority to make contracts on its behalf, and no such authority may be presumed.

The right of recovery of the plaintiff, being predicated upon a contractual obligation of the defendant, had to stand or fall upon proof of such contract. The evidence of plaintiff amounted to nothing more than a verbal assurance on the part of the manager of the defendant to the plaintiff and in no wise constituted a valid or binding contract between the plaintiff and the defendant. There being no liability on the contract pleaded and proved by the plaintiff, the trial court should have sustained the demurrer of the defendant to

the evidence of the plaintiff, and when this was not done, should have sustained the motion of the defendant for directed verdict in its favor. In view of the disposition which we are forced to make in this cause, it is unnecessary to discuss the other contentions advanced by the defendant or the plaintiff and the cases cited in support thereof, as they are not germane to the determinative question, that is, the existence of a contract between the parties.

Judgment is therefore reversed and remanded, with directions to dismiss.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., absent.