**BROWN–CRUMMER INV. CO. v. CITY OF PURCELL, OKL., et al.**

**BELL v. BROWN–CRUMMER INV. CO.**

Nos. 2366, 2416.

Circuit Court of Appeals, Tenth Circuit.
May 6, 1942.

Rehearing Denied June 24, 1942.

Solon W. Smith, of Oklahoma City, Okl. (James G. Martin and J. H. Fugate, both of Wichita, Kan., and James S. Twyford and William J. Crowe, both of Oklahoma City, Okl., on the brief), for appellant Brown-Crummer Inv· Co.

Geo. Bingaman, of Purcell, Okl., for appellee J. E. Bell.

Roy Glasco, of Purcell, Okl., for appellee City of Purcell, Okl., and another.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge·

By appropriate ordinances and resolutions, the City of Purcell, Oklahoma, levied assessments for street improvement against certain described lots and tracts in improvement district Number 2, and issued street improvement or paving bonds. The ordinance levying the assessments was dated January 17, 1923, and provided that the assessments should be payable in ten equal annual installments, the first on September 1, 1923, and the last on September 1, 1932. The bonds were numbered from 1 to 230, inclusive, were dated February 1, 1923, became due and payable in ten equal annual installments beginning September 15, 1923, and ending September 15, 1932, and provided that they were payable solely from the assessments which the city would undertake to collect. Bonds numbered 1 to 163 were paid.

The Brown-Crummer Investment Company instituted this suit against the city and its financial secretary, treasurer, clerk, and assessor. It was alleged in the complaint that plaintiff owned bonds numbered 164 to 172, and 174 to 183; aggregating $9,500; that the defendants had wrongfully paid bonds of a later maturity, bearing higher numbers,

and therefore inferior in priority to those owned by plaintiff; and that the funds and assets wrongfully used in paying such inferior bonds were equal to or greater in amount than the sum due plaintiff on its bonds. The county treasurer, J. E. Bell, and Home Owners Loan Corporation were subsequently joined as defendants. It was alleged in the amended complaint that by credit upon or surrender of unpaid bonds it had been attempted to satisfy and cancel of record the assessments against some of the lots and tracts; that such attempted satisfaction and cancellation was illegal and void but had resulted in the diminution of the record assessments as security for all of the outstanding bonds, including those owned by plaintiff; that Bell had participated in the attempted satisfaction and cancellation of the lien on one piece of property, and was a class representative of property owners who had obtained attempted satisfaction and cancellation of assessments in that manner; that mortgages had been given on properties within the district; that Home Owners Loan Corporation held mortgages on certain properties therein, and was a class representative of holders of mortgages· As against the city and its officials, plaintiff prayed for an accounting, that judgment be entered directing them to pay to it the amount of its bonds, with interest, that they be enjoined from making further payments on bonds inferior in priority to those owned by plaintiff until plaintiff had been paid in full, and that they be ordered to make due levies and provisions for the payment of such judgment; and as to the county treasurer, Bell, and Home Owners Loan Corporation, plaintiff prayed that they be required to make full disclosure in respect to the attempted satisfaction and cancellation of assessments, that such attempted satisfaction and cancellation be adjudged ineffective, and that all entries appearing on the books and records relating thereto be vacated, set aside, and annulled.

By answer, Bell admitted that he had participated in the satisfaction and cancellation of liens on two lots owned by him through credit on or surrender of bonds which he owned or in which he had an interest, but alleged that such satisfaction and cancellation was effected under the provisions of chapter 58, Session Laws of Oklahoma 1933, 62 O.S.1941 § 341 et seq.; he pleaded limitations, laches and estoppel; and he further pleaded that in the event it should be determined that plaintiff was en-

titled to recover, then plaintiff be required to restore and place in hodgepodge $7,153.-02 which had been paid to it since all of the unpaid bonds became past due and delinquent. The other defendants answered but it is not necessary to detail the issues tendered.

The court determined that plaintiff was not entitled to recover against the city; that the bonds were not payable in numerical sequence after all unpaid bonds became delinquent, but were payable pro rata; that the attempted satisfaction and cancellation of assessments by credit upon or surrender of bonds was ineffective; that such assessments should be restored to their owners; and that plaintiff should not be required to return to the paving fund sums which had been paid on its bonds after all of the unpaid bonds became delinquent. Judgment was entered accordingly. Plaintiff appealed from that part of the judgment which denied recovery against the city and from that part which determined that the bonds were payable on a pro rata basis; and defendant Bell perfected a cross appeal from the part vacating and annulling the satisfaction and cancellation of the assessments against his lots and from that part which provided that plaintiff not be required to make restoration to the paving fund. The appeal as to the city was abandoned, and no contention is made by either party as to Home Owners Loan Corporation. Therefore, the rivals are plaintiff on one hand and defendant Bell on the other; and, for convenience, reference will be made to them in that manner.

■ Plaintiff contends that these bonds were payable in numerical order and that the court erred in holding otherwise. Article 18, section 3(a), of the Constitution of Oklahoma, provides that any city containing a population of more than two thousand inhabitants may frame a charter for its own government, consistent with and subject to the constitution and laws of the state, and then details the procedure to be followed in the adoption of such charter. The City of Purcell adopted a charter form of government under such constitutional authority, and has for many years exercised the powers and functions of a city of the first class. Such a charter becomes the organic law of the municipality, and its provisions supersede all laws of the state in conflict therewith insofar as they relate to purely municipal matters. Lackey v. State, 29 Okl. 255, 116 P. 913; In re Initiative Petition on Proposed Charter for City of Okmulgee, 89 Okl. 134, 214 P. 186; Caruth v. State, 101 Okl. 93, 223 P. 186; Pitts v. Allen, 138 Okl. 295, 281 P. 126; City of Muskogee v. Senter, 186 Okl. 174, 96 P.2d 534. But a charter of that kind does not supersede all general law of the state. It is paramount over general law only as to conflicts between the two which relate to purely municipal affairs. City of Muskogee v. Senter, supra.

■ The charter of the City of Purcell provides that article 5, chapter 14, of the Compiled Laws of Oklahoma 1909, being article 1, chapter 10, of the Session Laws 1907-8, be and the same is in express terms adopted in full force within the limits of the city. That statute provides that one-tenth in amount of any series of street improvement bonds, with the interest upon the whole series to that date, shall be payable on the fifteenth of September next succeeding the maturity of the first installment of the assessments and interest, and one-tenth with the yearly interest upon the whole amount remaining unpaid on the fifteenth day of September each succeeding year until all shall be paid; and that the special assessments and each installment of interest thereon shall be a lien against the lots and tracts of land assessed, from the dates of the ordinances levying the same, co-equal with the lien of other taxes, and prior and superior to all other liens, and that such lien shall continue until the assessments and interest thereon shall be fully paid. But the statute which thus became a part of the charter does not provide that bonds shall bear serial numbers or that they shall be paid in numerical order. The bonds did bear serial numbers but that was not required by the charter. Each provided that it should be due on September fifteenth of a specified year, but all of the outstanding and unpaid bonds were long past due at the time of the institution of this action, and there was not a sufficient fund on hand for their payment in full. Whatever may be the rule in other states, and whatever may be the rule in Oklahoma prior to maturity and delinquency, it is the settled law in that state that where the statute authorizing the issuance of street improvement bonds fails to provide in express language that such bonds shall be paid in numerical order, and where all outstanding bonds are delinquent and the fund available is insufficient to pay them in full, the fund shall be applied pro rata to their payment. Lucas v. First National Bank, 171 Okl. 606, 43 P.2d 752; Overstreet v. Keith, 185 Okl. 198, 90 P.2d 921.

Plaintiff further contends that it was adjudicated in a mandamus action in the state court that the bonds constituting the series were payable in numerical order and that the judgment is res judicata of the question. Where a second suit between the same parties or their privies is on the same cause of action as the first, the final judgment in the prior action is conclusive as to all matters actually litigated and as to every issue, claim, or defense which might have been presented; but where the subsequent suit between the same parties or their privies is on a different cause of action, the judgment in the former operates as an estoppel only in respect to the issues, claims, or defenses which were actually litigated and determined. Crowe v. Warnarkee, 114 Okl. 153, 244 P. 744. Plaintiff brought the mandamus action against the then financial secretary of the city; and some of the language in the judgment is broad and general, and standing alone may indicate a purpose to adjudicate that the bonds constituting the series were payable in that manner. But there plaintiff alleged that it owned bonds numbered 17 to 23 which became due in 1923, bonds numbered 40 to 46 which became due in 1924, and bonds numbered 74 to 92 which became due in 1926; and that the financial secretary had collected from the assessments and had on hand $3,663.22 which should be applied to the payment of such bonds but that she neglected and refused to apply it in that manner. The judgment was entered in 1927, the fund on hand at that time amounted to more than $20,000, and the court ordered that it be applied to the payment of the bonds in numerical order. But only half of the bonds in the series had matured at that time. The other half became due afterwards. It is manifest that the question of the order of payment after all outstanding bonds had become delinquent and the fund was insufficient to pay them in full was not presented or determined. In the very nature of things, that question could not have been presented or determined at that time. The question presented here is not identical with that adjudicated there. And therefore the judgment in that case is not conclusive here, either as res judicata or estoppel. Alfrey v. Colbert, 44 Okl. 246, 144 P. 179; Crowe v. Warnarkee, supra; Cox v. Colbert, 135 Okl. 218, 275 P. 317; Hogue v. Stephens, 159 Okl. 29, 14 P.2d 220.

We come to the question of laches. The last installment of the assessment became due in September, 1922, the bonds in the series last to mature became delinquent in the same month, and the suit was not filed until November, 1937. Title 12, section 95, paragraph 1, Oklahoma Statutes 1941, provides that an action upon a contract, agreement or promise in writing shall be brought within five years after the cause of action shall have accrued, and not afterwards; the sixth paragraph of the same section provides that an action for relief not therein provided for can only be brought within five years after the cause of action shall have accrued; and title 42, section 23, provides that a lien is extinguished by the mere lapse of time within which, under the provisions of civil procedure, an action can be brought upon the principal obligation. In an opinion delivered after the trial court entered the judgment in this cause, the Supreme Court of Oklahoma held that a lien securing the payment of street improvement bonds, co-equal with that of taxes, may be extinguished by a mere lapse of time, and that it is extinguished by the lapse of time within which under the provisions of civil procedure an action or the equivalent of a civil action can be brought to liquidate the obligation. Board of Education v. Johnston, 189 Okl. 172, 115 P.2d 132. That was an action in mandamus to compel the Board of Education of the City of Duncan to include in its estimate for the fiscal years 1937, 1938 and 1939 tax levies to pay delinquent installments and interest on paving bonds for the fiscal years 1924, 1925 and 1926. The bonds were issued in 1922, under chapter 29, article 12, sections 4583 to 4627, Compiled Oklahoma Statutes 1921, and section 4609 expressly provides that the lien shall continue as to unpaid installments and interest until such assessments and interests thereon shall be fully paid. The provision in section 4609 and that in the charter of the City of Purcell relating to the life of the lien are substantially alike if not identical. But there is no suggestion that the bonds there involved were issued under the provisions of a charter adopted in accordance with article 18, section 3(a) of the Constitution, supra. In other words, the court there had under consideration two provisions of general law of the state, one providing that the lien created by an assessment for street improvements shall continue until such assessment and all interest shall be fully paid, the other providing that a lien is extinguished by the mere lapse of time within which under the provisions of civil procedure an action can

be brought upon the principal obligation, and it was held in effect that the latter controlled. But here the charter of the city under which these bonds were issued provides in language too clear for doubt that the lien created by the assessments shall continue in force and effect until the assessments and all interest thereon are paid in full. That provision in the organic law of the city on one hand, and title 42, section 23, supra, providing that a lien is extinguished by the mere lapse of time within which under the provisions of civil procedure an action can be brought upon the principal obligation on the other hand, are in conflict. They cannot be reconciled, and the conflict relates to a purely municipal matter. The organic law of the city is paramount, and the general law of the state must yield. Lackey v. State, supra; In re Initiative Petition on Proposed Charter for the City of Okmulgee, supra; Caruth v. State, supra; Pitts v. Allen, supra. The lien has not become extinguished, and therefore the action is not barred by laches.

■■ The remaining question is whether the court erred in determining that plaintiff should not be required to restore to the paving fund the amounts which had been paid to it since all of the bonds became delinquent. As already said, after all of the bonds became delinquent and the fund was insufficient to pay them in full, they were payable pro rata. Plaintiff, Bell, and other owners of bonds, were entitled to share in the fund on that basis. But plaintiff, and Bell, and the others who secured satisfaction of liens through credit on or surrender of bonds, have not done so. Plaintiff secured full payment in cash of certain bonds which it owned. Bell and others occupying a like position secured the equivalent of full payment of their bonds, or an interest in them, by the satisfaction of the lien on property which they owned. The cancellation of the lien was undertaken pursuant to chapter 58, Laws of 1933. But the supreme court of the state has held that the statute is invalid as to bonds issued under the provisions of earlier law which failed to provide that the lien may be satisfied in that manner. Davis v. McCasland, 182 Okl. 49, 75 P.2d 1118. It would be inequitable to allow plaintiff to retain the benefit of full payment of some of its bonds since they all became due, to vacate and set aside the satisfaction of record of the lien on the property of Bell and the others occupying a similar position and thus restore such lien for the benefit of the fund, and then to allow plaintiff to share in that fund with Bell and the others on a pro rata basis. That would result in Bell and the others occupying a like position sharing pro rata in the fund, without any special benefit, while plaintiff would enjoy the special benefit of full payment of some of its bonds and at the same time share with Bell and the others on a pro rata basis as to other bonds. A court of equity is a forum of conscience. It acts when and as conscience commands. It exacts of those coming within its portals and applying for relief that they come with clean hands and right conduct. Plaintiff cannot be heard to demand equitable relief against Bell and the others who secured satisfaction and cancellation of record of assessment liens without itself doing equity. Bearman v. Dux Oil & Gas Co., 64 Okl. 147, 166 P. 199; Murphy v. Garfield Oil Co., 98 Okl. 273, 225 P. 676; Dow v. Worley, 126 Okl. 175, 256 P. 56.

The judgment is reversed and the cause remanded.