**CITY OF HAILEYVILLE, Plaintiff in Error,**

v.

**Johnnye Edith SMALLWOOD,
Defendant in Error.**

**No. 40877.**

Supreme Court of Oklahoma.

May 28, 1968.

Stipe, Gossett & Stipe, by Clyde Stipe, McAlester, for appellant (plaintiff in error).

James M. May, McAlester, for appellee (defendant in error).

WILLIAMS, Justice.

The judgment of the lower court on appeal herein was entered in an action brought by plaintiff to cancel a warranty deed and quiet her title to a certain described tract of land in Pittsburg County, Oklahoma. The parties herein will be referred to as they appeared below, i. e., plaintiff in error will be referred to as defendant and defendant in error will be referred to as plaintiff.

In September, 1933, plaintiff and her then husband, Pearl Smallwood, purchased a 260 acre tract of land in Pittsburg County, Oklahoma. At the time of this purchase, plaintiff and her husband executed a mortgage in the amount of $500.00 covering the tract. Plaintiff and Pearl Smallwood were divorced in 1948 and the decree entered in the divorce proceeding vested title in plaintiff to the above mentioned 260 acre tract.

Through her pleadings filed below and the evidence submitted at trial, plaintiff sought to establish that sometime in early 1935 the then mayor and clerk of the defendant city approached her concerning the possibility of defendant purchasing approx-

imately 70 acres of the 260 acre tract for the stated purpose of constructing a city lake. The purchase price of this 70 acres was to be the balance due, at that time approximately $400.00, on the mortgage covering the entire tract. Plaintiff agreed to defendant's proposal and in April, 1935, the parties executed an agreement granting defendant an option to purchase a specifically described 70 acre tract for the aforementioned purchase price. This option was to be exercised within six months.

Subsequently plaintiff was contacted by a Mr. Cruthirds, an officer in a Haileyville bank and allegedly an agent of defendant, and was informed that the city needed an additional 30 acres, or a total of 100 acres. The amount of land needed was again changed and a total of 110 acres was requested. Although the city was requesting more land, the agreed purchase price remained the balance due on the mortgage covering the entire tract.

Plaintiff testified that during this period of negotiations it was represented that defendant intended to build a city lake on the tract "immediately".

In August, 1936, while temporarily residing in Texas, plaintiff and her husband received a warranty deed conveying to defendant as grantee a tract of 110 acres included in plaintiff's entire 260 acres, an accompanying letter of explanation from Cruthirds, and a plat showing the 110 acre tract covered by the deed. In the accompanying letter, Cruthirds stated that the balance due on the mortgage covering plaintiff's 260 acres was $312.00 and this the city agreed to pay if plaintiff and her husband would execute the deed conveying the 110 acre tract. The letter further stated that after the location of the lake was determined, there would be some 20 or 30 acres not needed and that the city was willing to reconvey to plaintiff and her husband this unneeded portion. Cruthirds' letter also indicated that although plaintiff and her husband could not retain water rights as "the Government" would not approve the deed, the city would not deny

grantors access to the lake. The letter commented, "I am sure that you can have all water needed, and I personally think this lake if constructed out there will greatly increase the value of your other land." Plaintiff and her husband apparently accepted this offer and executed and returned the deed to Cruthirds.

Some months later, Cruthirds wrote plaintiff's brother-in-law (after apparently being unable to contact plaintiff and her husband) to inform him that the mortgage on the 260 acre tract had been paid and that the release thereof was being filed of record.

The lake allegedly to be built on this property in 1936 or 1937 has never been built.

Plaintiff testified that defendant had agreed that if she maintained the fences, she could pasture the property until the lake was built. She further testified that in accordance with this agreement, she had pastured the 110 acre tract from 1937 to 1958 and had maintained the fences during this period at her own expense. Plaintiff admitted that she had not claimed ownership of the land from 1937 to 1958, but testified that defendant had done nothing to interfere with her possession except authorize, on at least one occasion, the cutting of some posts from the tract.

Plaintiff insisted that had defendant not represented that the land was being acquired for a lake which would enhance the remainder of her land and that it would reconvey some 20 to 30 acres not needed for the lake's construction, the 110 acre tract would not have been conveyed to defendant in 1936.

She also elicited testimony tending to establish that the 260 acre tract taken as a whole was of the value of $5 to $6 per acre in 1936, while the value of her land after the conveyance of the 110 acre tract was some $3 to $4 per acre. Plaintiff and her husband paid $5.50 per acre for the land in 1933.

In 1958, defendant advertised for bids to lease the 110 acre tract and although

plaintiff submitted a bid (for the stated reason that her counsel advised her to avoid a lawsuit), defendant accepted a higher bid from another party.

Defendant admitted the conveyance to it by plaintiff and her husband of the 110 acre tract, but denied her other allegations. At trial, the then mayor of defendant city testified that it was still interested in using the property for the construction of a lake but admitted that there were no definite plans. Further, a resident of defendant city in 1936 testified that the purchase price for the 110 acre tract was obtained by defendant through the solicitation of donations and that the tract was obtained for the future construction of a lake.

At the conclusion of trial, the lower court entered its judgment cancelling the 1936 deed to defendant, ordering defendant to reconvey the 110 acre tract to plaintiff, and quieting plaintiff's title thereto. From this judgment and an order overruling its motion for new trial, defendant appeals.

For reversal, defendant presents five propositions, some of which present varying aspects of the same question. For purposes of brevity, the propositions will be combined where feasible.

In its first, second and fourth propositions, defendant contends that the lower court erred in overruling its motion to strike certain language of plaintiff's petition, its demurrer to the petition, and its demurrer to plaintiff's evidence. This contention is based on the ground that the motion to strike and both demurrers raised the defense that the plaintiff's cause of action was barred by the two year limitation applicable to actions based on fraud as contained in 12 O.S.1961, § 95 (Third).

Without deciding whether the motion to strike or either of the demurrers adequately raised the defense of a statute of limitation and therefore assuming for the purposes of this opinion that such defense was raised, we do not agree that plaintiff's cause of action was barred by any applicable statute of limitation.

■ It is true that plaintiff alleged misrepresentation on the part of defendant as the city lake had never been built. However, in our opinion, plaintiff's petition and the evidence submitted at trial were directed toward the cancellation of the 1936 deed on the basis of a failure of consideration. In Taylor v. Clark, Okl., 380 P.2d 250, we held that if any limitation period was applicable to bar an equitable action to cancel a deed for failure of consideration, it was the five-year period prescribed by 12 O.S.1961, § 95 (Sixth). Also, see Pepper v. Truitt, 158 F.2d 246 (10th Cir. 1946). Thus, for the plaintiff's action herein to be barred, if it may be barred at all, it must have been commenced after the expiration of five years from the date the cause of action accrued.

■ It is clear from the above recitation of pleadings and evidence that plaintiff sought to establish that in addition to the consideration recited in the deed, defendant had also represented that it would build a lake on the tract immediately, that it would reconvey that part of the tract not needed, and that she could remain in possession until the lake was constructed. It is also just as clear that the lake was not constructed immediately, and, as a consequence, the part of the tract not needed was not reconveyed. Although the alleged requirement of immediate construction of the lake may well have been waived by plaintiff as shown by her inaction as well as her statement at trial that defendant could retain ownership if it would construct a lake, we do not think such action on her part started the running of any limitation period on her action to cancel the 1936 deed on the ground of failure of consideration.

Defendant, in an apparent tacit approval of the alleged agreement, allowed plaintiff to maintain possession, rental free, for over 21 years. Plaintiff brought the action below within nineteen months of being ousted from possession. Under these facts, we determine that plaintiff's cause of action had not accrued prior to the termina-

tion of her possession of the tract. We therefore are of the opinion that plaintiff's cause of action was not barred by any applicable statute of limitation.

In its first proposition, defendant further contends that the trial court erred in overruling that part of its motion to make more definite and certain directed to requiring plaintiff to furnish the dates of the agreement of sale and whether such agreement was oral or written.

■■ A motion to make more definite and certain is addressed to the trial court's sound discretion and will not be disturbed in absence of prejudice to the moving party. Hodges v. Reynolds, 170 Okl. 345, 40 P.2d 1025. Plaintiff's petition herein alleges that negotiations began in 1935 and culminated in 1936 with the execution of the warranty deed. It further alleges that such negotiations were transacted both orally and by correspondence. We fail to see wherein defendant has shown any prejudice in the overruling of its motion.

■ Defendant, in its first and third propositions, contends that the trial court erred in overruling that part of its motion to make more definite and certain directed to requiring plaintiff to furnish in her petition the names of defendant's agents with whom plaintiff dealt and in allowing plaintiff to testify concerning negotiations with certain persons without showing that such persons were agents of defendant.

In its brief, defendant apparently admits that, by its answer, it was not denying any agency, but was only seeking the agents' name because of the long lapse of time. It made no attempt to show that it had no records of its officals or its transactions over the period concerned herein. We fail to see that it has shown any prejudice in the trial court's overruling of its motion to make more definite and certain.

At trial, plaintiff submitted the option contract executed by defendant and the transmittal letter of Mr. Cruthirds enclosed with the warranty deed mailed to plaintiff. In reliance upon this letter and other alleged oral agreements, the warranty deed was executed and returned to Cruthirds or defendant, and defendant obtained a release of the mortgage covering plaintiff's entire 260 acres.

■■ Defendant, citing Blumenauer v. Kaw City, 182 Okl. 409, 77 P.2d 1143, states that persons dealing with a municipality do so at their own risk and with notice of limitation on powers of a municipality or its agents. However, in the instant case, defendant has not contended that it lacked the power to contract with plaintiff. Rather, it contends that plaintiff must show the authority of its agents who allegedly made the contract. It is obvious from the evidence herein that defendant is willing to admit the authority of its agents in accepting the fruits of their labors, but just as obviously wishes to deny their authority in entering into any other agreement necessary to obtain the conveyance of the 110 acre tract. In our opinion, it would be inequitable under the circumstances herein to allow defendant to deny the agency of any person shown to have negotiated for the tract or the power of any such agent to enter into the alleged agreements.

We have carefully reviewed the evidence submitted herein and find that the judgment of the trial court is not against the clear weight thereof.

Judgment affirmed.

JACKSON, C. J., and DAVISON, BERRY, HODGES and LAVENDER, JJ., concur.

BLACKBIRD and McINERNEY, JJ., concur in result.