HURT v. GARRISON et al.

No. 30484. June 16, 1942.

Rehearing Denied Sept. 15, 1942.

Application for Leave to File Second Petition for Rehearing Denied Feb. 9, 1943.

*133 P. 2d 547.*

Settle, Monnet & Clammer, of Tulsa, for plaintiff in error.

D. D. Stull, of Enid, and J. E. Falken-

berg, of Oklahoma City, for defendants in error.

BAYLESS, J. Rose Garrison and Myrtle Garrison sued Walter F. Hurt in the district court of Garfield county, Okla., to recover the value of certain securities which they alleged they delivered to Hugh Boyles, agent of Hurt, and which securities were converted by the said Boyles. The verdict of the jury was for the plaintiffs, and Hurt appeals from the judgment rendered against him thereon. Boyles died during the course of the litigation and his administrator was made a party defendant and the trial court directed a verdict against the administrator.

The evidence discloses that plaintiffs had known Boyles for many years and had had earlier dealings of a similar character with him. In 1934, in order to enable Boyles to obtain an agent's or salesman's license to sell securities in Oklahoma (71 O. S. 1941 § 1 et seq.) Hurt applied to the proper authorities and obtained a license for Boyles for that calendar year, and in connection with the application filed an appointment of agent or salesman wherein Hurt recited that he "has appointed Hugh H. Boyles, 303 First National Bank, Enid, Oklahoma, its salesman and agent to act for it in such capacity in accordance with the Oklahoma Securities Law, Chapter 24 of the Session Laws of the State of Oklahoma, 1931," and this license and appointment were renewed for the year 1935. In August, 1935, Boyles undertook to exchange certain securities then owned by the Garrisons for certain other securities desired by them. Their testimony is that he stated he was acting as agent for Hurt in this capacity. Without going into detail with respect to what followed, the Garrisons learned by Boyles' confession in July or August, 1936, that he had sold the securities received from them soon after obtaining them and had used the money for his personal purposes. The Garrisons undertook then to collect from Boyles and in the process received from him an assignment of a policy of life insurance, but after Boyles' death they seemed unable to realize thereon, and in February, 1937, filed the action against Hurt.

The first contention made by Hurt is that there is no legal ground to hold him responsible for the acts of Boyles in this matter, and that judgment should have been directed in his favor.

We do not understand Hurt to contend that Boyles was not his salesman or agent, but rather to contend that Boyles was not in his service exclusively and that he would not be responsible for Boyles' acts unless Boyles was acting for him in the particular instance. Of course, he contended at all times and testified that Boyles was not acting as his agent in this particular instance. He insists that there is no evidence, legally admissible, to show that Boyles was his agent or acting for him or within the scope of his authority when he dealt with the Garrisons.

We are of the opinion that the authorities cited and relied upon by Hurt to the effect that a person dealing with another as the agent of a third person must learn at his peril the existence of the agency and the extent of the authority conferred thereby, and that the declarations of the supposed agent are not admissible in evidence to establish the agency, are not applicable and controlling here. By Hurt's own act this man was appointed agent and salesman for him, and under the statutes of the State of Oklahoma Boyles was his salesman and agent in the year 1935. There can be no contradiction of this fact. Therefore, a different rule comes into effect, to wit, that a known agent's declarations that he is acting for the principal are admissible in evidence to show that the agent was acting for the principal at the time. We said in Citizens' Bank v. Mabray, 90 Okla. 63, 215 P. 1067, that as a general rule the declarations of an agent to a third party in the absence of the principal are inadmissible to establish agency, but that a recognized exception exists when the agency is otherwise established, and such declarations are admissible in evidence, and especially when made as a part of the res gestae. See other cases in Am. Dig. (West) Principal and Agent, Key No.

22 (2). In this record we have the written appointment by Hurt of Boyles as his agent, the declarations of Boyles to the Garrisons, and certain correspondence passing between Hurt and the Garrisons relating to the transactions in question. This correspondence from Hurt to Garrisons is perfectly consistent with his contention that he did not know Boyles was assuming to act as his agent; but it is likewise consistent with Boyles' statement to Garrisons that he was acting as Hurt's agent. The trial court correctly submitted this issue to the jury.

Under this same proposition Hurt says, in passing, that the act of the Garrisons in taking the assignment of the insurance policy from Boyles in full satisfaction of their claim against him amounted to a release of Hurt. We have considered the evidence on this point and we do not think that it conclusively shows that the Garrisons did accept this assignment in full satisfaction, but rather the evidence shows that there is a conflict in the testimony of the various witnesses. For this reason the jury's verdict must control. We observe that very little is said in the brief on this point and no authorities are cited in support.

The second proposition discussed by Hurt relates to the two-year statute of limitations, which he insists had run, before the commencement of the action against him. The allegations of the petition are that the securities were delivered to Boyles in May, 1935, and that in August, 1936, when he admitted the conversion, he placed the time of the conversion as shortly after the securities were turned to him. The action was filed in February of 1937, but service was not perfected, as to Hurt until somewhere about the 23rd of March, 1938.

Hurt relies upon the statute, 12 O. S. 1941 § 97, and Cowley-Lanter Lumber Co. v. Dow, 150 Okla. 150, 300 P. 781, to the effect that an action is not commenced until the summons is served on the defendant. In discussing this statute and decision, Hurt points out that there was no unity in interest between him and Boyles.

To resist this argument Garrisons call attention to the rule that where fraudulent concealment prevents the discovery of a wrong done to a person, the period during which the perpetration of the wrong is fraudulently concealed will be excluded in calculating the time of the statute of limitations. Waugh v. Guthrie Gas, Light, Fuel & Improvement Co., 37 Okla. 239, 131 P. 174, and other Oklahoma cases.

We are of the opinion that the rule relied on by Garrisons applies to this situation. The evidence introduced by them, and accepted by the jury, showed that Boyles from time to time made statements with respect to the state of the progress of the exchange of securities that he was attempting for them, and that for more than a year he kept them lulled into a state of security. During this period Garrisons had the correspondence with Hurt, and received from him some securities handled as a part of this transaction. In view of the fact that no time limit was set for the exchange to be made, and in view of the fact that the parties understood that a reasonable time might elapse before the exchange could be completed, the Garrisons were justified in letting some reasonable time pass, and thereafter when they made inquiry they were justified in relying upon the representation of Boyles. There are statements in Hurt's letters to Garrisons that could have served somewhat to cause them to question Boyles more closely. Under these circumstances, and in view of the jury's verdict on the disputed fact issues, we do not think the statute of limitations barred their cause of action when judged either by the date of the filing thereof or the date of the completion of service of process on Hurt.

The third proposition raises a question of venue and calls attention to defects in the service of summons upon Boyles and complains of the failure to serve notice of the application to revive upon Hurt.

Garrisons point out that neither

Boyles nor his administrator complained with respect to the regularity of the service of process on Boyles and no other person is authorized to do so, and that the defects complained of are not such that render the service wholly void.

Garrisons point out that neither Boyles nor his administrator attacked the service of process on Boyles, and insist that Hurt is not in a position to do so. They also point out that the defects complained of are irregularities that might render the service voidable, if attacked, and are not defects that would render the service void, if attacked. They point out that this situation does not render the trial court utterly without venue or jurisdiction. We think these points are well made.

Garrisons call attention to the fact that Hurt did not include in his motion for new trial any assignment of error with respect to the matter of revivor, and insist he is not entitled to rely thereon in this appeal. We agree.

The fourth proposition covers a number of so-called substantial and prejudicial errors in short summary one paragraph discussions. These relate to alleged errors in admission of evidence, errors in the instructions, and the lack of sufficient competent evidence to sustain the verdict of the jury.

We have considered these, and do not find them meritorious.

One point made under this proposition relates to the refusal of the court to give the requested instruction upon the plea of estoppel. The defendant included a plea of estoppel in his pleadings, but the instruction requested is not justified by the evidence in the record and the court did not commit error in refusing to give it.

Finding no error in the record, the judgment of the trial court is affirmed.

CORN, V. C. J., and RILEY, OSBORN, and DAVISON, JJ., concur. WELCH, C. J., and GIBSON and HURST, JJ., dissent. ARNOLD, J., not participating.