Ruby M. NEAL, Appellant,

v.

The CITY OF BLACKWELL, Oklahoma,
a Municipal Corporation, Appellee.

No. 59028.

Supreme Court of Oklahoma.

Sept. 27, 1983.

H. Thomas Leonard, Boettcher, Leonard & Brune, Ponca City, for appellant.

Scott M. Rhodes, Huckaby, Fleming, Frailey & Chaffin, Oklahoma City, for appellee.

WILSON, Justice.

The dispositive issue on appeal is whether the trial court correctly ruled that appellant-plaintiff's cause of action against the City of Blackwell was barred by the six-month statute of limitations set forth in 51 O.S.Supp.1978, § 156(C), governing the filing of claims and actions against political subdivisions under the Oklahoma Political Subdivision Tort Claims Act.

Following her alleged injury of September 3, 1979, the appellant timely filed a written claim with the City of Blackwell in accordance with 51 O.S.Supp.1978, § 151. On November 9, 1979, the city received the written demand letter and referred the matter to its insurance carrier, Mid-Continent Casualty Company. The City of Blackwell failed to approve the claim as of February 7, 1980, i.e., within 90 days after receiving the claim. The claim was later denied by its carrier, Mid-Continent on February 26, 1980. On September 18, 1980, the appellant filed suit against the City of Blackwell. The action was dismissed, upon motion by appellee-defendant that suit was barred by the statute of limitations.

The relevant statutory provisions of the Political Subdivision Tort Claims Act, 51 O.S.1981, §§ 151, et seq., are Sections 157 and 156(C). The former provides that a claim is denied if the political subdivision fails to approve the claim within ninety (90) days of receipt of the claim. The latter section provides in pertinent part that "[n]o action for any cause arising under this act shall be maintained unless . . . the action is

commenced within six (6) months after notification of denial of the claim by the clerk of the political subdivision."

 The dispute here centers around when the six month statute of limitations began to run. Appellant maintains that strict compliance with the Political Subdivision Tort Claims Act is not required when the clerk of the political subdivision has failed to notify the claimant in writing of the approval or denial of the claim within ninety (90) days after receiving the claim. We disagree. Title 51 O.S.Supp.1978, § 157, provides: "A claim is denied if the political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the interested parties have reached a settlement before the expiration of that period." We do not find these statutes to be susceptible to the construction urged. Since there was no approval of the claim during the 90-day period from November 9, 1980, when the City of Blackwell received the notice of demand from appellant, the claim was deemed denied as of February 7, 1980, and the statute of limitations of Section 156(C), *supra,* began to run.

From February 7, 1980, appellant had six months in which to commence her cause of action. Even if her time to file had begun to run from the date she received written denial on February 27, 1980, the six months would have lapsed August 28, 1980. Appellant did not file her suit until September 18, 1980. Therefore pursuant to Section 156(C) the action was barred.

 Appellant asserts alternatively that while the Tort Claims Act is applicable to governmental functions, it is not the exclusive remedy for claims based upon the negligent acts of a proprietary nature performed by a city. In support of this position appellant cites *Terry v. Edgin,* 598 P.2d 228 (Okl.1979), which involved injuries that occurred prior to the promulgation of the Political Subdivision Torts Claims Act. Language of the applicable statute, 51 O.S. Supp.1978, § 166, clearly provides that the provisions of the Torts Claims Act apply to both governmental and proprietary functions. *Duesterhaus v. City of Edmond,* 634 P.2d 720 (Okl.1981).

Judgment of the District Court is AFFIRMED.

BARNES, C.J., and HODGES, LAVENDER, DOOLIN, HARGRAVE and OPALA, JJ., concur.

SIMMS, V.C.J., concurs in result.

IRWIN, J., concurs in judgment.