**Ricky Dean JARVIS and Linda Jarvis, Plaintiffs-Appellants,**

v.

**CITY OF STILLWATER, a municipal corporation, Defendant-Appellee.**

No. 61867.

Supreme Court of Oklahoma.

Jan. 20, 1987.

Ed Abel, Glen Mullins, Messrs. Abel, Musser, Sokolosky & Clark, Oklahoma City, for plaintiffs-appellants.

William S. Hall, Messrs. Feldman, Hall, Franden, Woodard & Farris, Tulsa, Lowell A. Barto, City Atty., Stillwater, for defendant-appellee.

OPALA, Justice.

This appeal[1] from summary judgment for the defendant-municipality presents three issues: [1] Does the record present a material fact issue as to whether the municipality is estopped by its conduct inducing the plaintiff[2] to delay filing his negligence action from asserting that the plaintiff has failed to bring the action within the time limit prescribed in the Political Subdivision Tort Claims Act [Act]?[3] [2] Does the time interval prescribed in the Act, 51 O.S. 1981 § 156(C),[4] violate the Equal Protection Clause of the Federal Constitution? and [3] Does the § 156(C) time limit constitute a special statute of limitations that offends Art. 5 § 46, Okl. Const.?[5] We answer all three questions in the negative and affirm the trial court's judgment.

■ Ricky Jarvis [Jarvis] sustained injuries on June 28, 1979 when a steel angle beam he was carrying came in contact with a high voltage power line that is owned, operated and maintained by the City of Stillwater [City.] On October 22, 1979 the City timely received written notice of Jarvis' claim against it.[6] The Board of Commissioners, the City's governing body, failed to approve the claim or to reach a settlement within 90 days after receipt of notice. Under the terms of the then applicable law, the claim was deemed to have

---

1. This is the plaintiff's second appeal in his tort action. See *Jarvis v. City of Stillwater, Okl.,* 669 P.2d 1108 [1983].

2. Jarvis and his wife are plaintiffs in the negligence action. They are collectively referred to in this opinion as "Jarvis."

3. 51 O.S. 1981 §§ 151 et seq.

4. See *infra* note 8 for the pertinent text of 51 O.S. 1981 § 156(C).

5. The terms of Art. 5 § 46, Okl. Const., provide in pertinent part:
"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:

\* \* \* \* \* \*

For limitation of civil or criminal actions;
\* \* \* "

6. The terms of 51 O.S. 1981 § 156(B) which governed procedure for giving notice provided:
"A claim against a political subdivision or employee shall be forever barred unless notice thereof is filed with the clerk of the governing body of the political subdivision within one hundred twenty (120) days after the loss occurs."
Section 156(B) was last amended in 1986 [Okl. Sess.L.1986, Ch. 247 § 23, operative July 1, 1986].

been denied on January 20, 1980.[7] The six-month time period for filing the claim expired *on July 20, 1980.* 51 O.S. 1981 § 156(C).[8] This negligence action was commenced on *June 25, 1981.* The City recovered summary judgment, grounded on its argument that Jarvis' claim was barred by the time limit prescribed in the Act for commencing an action against a municipality.

# I

## DOES THE RECORD PRESENT A MATERIAL FACT ISSUE AS TO WHETHER THE CITY IS ESTOPPED FROM ASSERTING THAT THE ACTION WAS NOT TIMELY BROUGHT?

Jarvis argues that the City is estopped from asserting a § 156(C) time bar because he was induced by the City to delay filing his action. Jarvis principally relies on a November 4, 1979 letter from the City's counsel in which he (a) requested information from Jarvis about his medical expenses and (b) mentioned a proposed investigation and indicated that the results of his investigation would be made available to Jarvis.[9] The City's counsel never again communicated with Jarvis. He now asserts that, because the letter reasonably led him to believe that further correspondence from the City would be forthcoming, he was induced to delay bringing his action pending receipt of the expected mail.

■ A fact question as to whether a defendant is estopped from interposing the defense of a time bar is generally raised by a plaintiff's allegations that the defendant had made (a) some assurance of settlement negotiations reasonably calculated to lull the plaintiff into a sense of security and delay action beyond the statutory period,[10] or (b) an express and repeated admission of

---

7. The running of the six-month limitation is not contingent upon the city clerk actually giving notice of denial of the claim. *Lucas v. Ind. Public School Dist. No. 35, Okl.,* 674 P.2d 1131, 1133 [1983].
The terms of 51 O.S. 1981 § 157 provided in pertinent part:
"* * * *A claim is denied* if the political subdivision *fails to approve the claim in its entirety within ninety (90) days,* unless the interested parties have reached a settlement before the expiration of that period. * * *" [Emphasis supplied.]
Section 157 was last amended in 1984 [Okl.Sess. L.1984, Ch. 228 § 5, effective July 1, 1984].

8. The terms of 51 O.S.1981 § 156(C) provided in pertinent part:
"* * * No action for any cause arising under this act shall be maintained unless valid notice has been given and the action is commenced within six (6) months after notification of denial of the claim by the clerk of the political subdivision. * * *"
The provisions for commencing an action were amended in the 1984 session. Current statutory norms are found in 51 O.S.Supp.1984 § 157(B) [Okl.Sess.L.1984, Ch. 228 § 5, effective July 1, 1984] which provides:
"No action for any cause arising under this act shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section."

9. The following letter was sent to Jarvis' lawyer:
"* * * Dear Mr. Brackney:

You are advised that I have recently been retained by the Board of Commissioners of the City of Stillwater, State of Oklahoma, as their special counsel, and that should there be any further communication from you like your letter of October 4, 1979, please direct them to me.
In the immediate near future I shall conduct an investigation for my purposes in the above-regarded and will report the results thereof to you by appropriate communique.
I appreciate the fact that medical and hospital expenses are incomplete at this time. However, upon receipt of the majority of the medical and hospital expenses, in addition to forwarding them to the City of Stillwater, would you please provide me with copies of the same.
Furthermore, at such time as you are able to determine his estimated loss of future earnings and support, would you please communicate the same to me.
Thank you.
Sincerely yours,
CHRISTOPHER D. SZLICHTA"

10. *Hart v. Bridges,* Okl., 591 P.2d 1172, 1174 (1979); *Phillips Petroleum Co. v. United States Fidelity & Guaranty Company,* Okl., 442 P.2d 303, 308 (1968); *LaBriola v. Southeastern Pennsylvania Transportation Authority,* 227 Pa.Super. 305, 323 A.2d 9 (1974); Annot., Settlement Negotiations as Estopping Reliance on Statute of Limitations, 39 ALR3d 127 and Annot., Promises to Settle or Perform as Estopping Reliance on Statute of Limitations, 44 ALR3d 482.

liability in conjunction with promises of payment, settlement or performance,[11] or (c) any false, fraudulent or misleading conduct or some affirmative act of concealment to exclude suspicion and preclude inquiry, which induces one to refrain from timely bringing an action.[12] The November 4th letter does not fall into any of the three variations that would support an equitable estoppel in pais. Jarvis did not make out a case for an estoppel in pais and we need not decide here whether such estoppel may be invoked against the defendant who interposes the time bar of § 156(C).[13]

The Act narrowly structures the method for bringing a tort claim against a municipality. The Act requires, without exception, that the plaintiff give notice and commence an action within the prescribed statutory time limits.[14] The latter of these requirements was not timely met. Because Jarvis' estoppel plea raised no factual issue, the trial court was correct in rendering summary judgment for the City.

## II

### PLAINTIFF'S CONSTITUTIONAL CHALLENGES TO THE § 156(C) TIME LIMIT

 Jarvis also challenges the statutory time bar as constitutionally infirm. The thrust of his argument is that the § 156(C) six-month interval is violative of the Equal Protection Clause of the U.S. Constitution. Although Jarvis refers us to Art. 5 § 46, Okl. Const., which prohibits the legislature from enacting a limitation statute by a special act, he neither explains nor argues how § 156(C) contravenes this provision. We recently declared the Act's time limits for commencing an action to be valid, rejecting attacks grounded on the Equal Protection Clause and on the Due Process Clauses of the state and the federal constitutions. See, *Black v. Ball Janitorial Service, Inc.*[15] In *Black* we refused to hold that the § 156(C) time bar constitutes special legislation prohibited by this state's fundamental law. *Black* governs here and disposes of Jarvis' constitutional challenges.

The district court's judgment for the City is AFFIRMED.

DOOLIN, C.J., HARGRAVE, V.C.J., and SIMMS, WILSON, KAUGER and SUMMERS, JJ., concur.

HODGES and LAVENDER, JJ., concur in result.

---

11. *Hart v. Bridges, supra* note 10 at 1174; *Dupuis v. Van Natten,* 61 A.D.2d 293, 402 N.Y.S.2d 242 (N.Y.S.Ct.1978); Annot., Agreement of Parties as Estopping Reliance on Statute of Limitations, 43 ALR3d 756, 799, § 10(a) and Annot., 44 ALR3d 482, *supra* note 10 at 504, § 4[f].

12. *McClenahan v. Oklahoma Ry. Co.,* 131 Okl. 73, 267 Pac. 657, 658 (1928); *Sinclair Prairie Oil Co. v. Newport,* 195 Okl. 521, 159 P.2d 726, 728 (1945); *Hurt v. Garrison,* 192 Okl. 66, 133 P.2d 547, 550 (1942); *Loyal Protective Ins. Co. v. Shoemaker,* 178 Okl. 612, 63 P.2d 960, 961 (1936); *Carruth v. Fritch,* 36 Cal.2d 426, 224 P.2d 702, 705 (1951); *Roberts v. Haltom City,* 543 S.W.2d 75 (Tex.1976) and Annot., Fraud, Misrepresentation, or Deception as Estopping Reliance on Statute of Limitations, 43 ALR3d 429 § 3, p. 439.

13. If § 156(C) may be treated as an *ordinary statute of limitations* which regulates the time to bring an action—*as distinguished from a provision that establishes a condition upon the right or constitutes a substantive element of the claim* —there would be *no* impediment to tolling the period by an estoppel in pais. A legislative act that regulates the time in which an action must be brought is deemed to be a statute of limitations barring only the remedy, unless the prescribed time limit is so specifically directed at the substantive claim that it can be classified as a limitation upon the right. On the other hand, if the § 156(C) time limit is to be regarded as a limitation upon the right or as a condition on its exercise—i.e., a substantive element of the claim rather than a procedural requirement for the commencement of an action—then estoppel would not be available to the plaintiff as a means of tolling the prescribed period for bringing a suit. *Hiskett v. Wells,* Okl., 351 P.2d 300, 304–305 (1960) and *Phillips Petroleum Co. v. United States Fidelity & Guaranty Company,* Okl., 442 P.2d 303, 305 (1968).

14. *Johns v. Wynnewood School Board of Education,* Okl., 656 P.2d 248, 249 (1982).

15. Okl., 730 P.2d 510 (1986).