Jane DOE, Natural Mother and Next Friend of Sally Doe, a minor, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT NO. I–89; Board of Education of Independent School District No. I–89; Floyd Donwerth; Betty Hill; Gene Brody; Hugh Long; Susan Hermes; Shirley Darrell; and Delbert Hamm, as members of the Board of Education of Independent School District No. I–89; and Jose Rideout, Appellees.

No. 59965.

Supreme Court of Oklahoma.

Oct. 18, 1988.

Rehearing Denied Oct. 10, 1989.

**660**

Jones, Schuster & Flaugher by W. Terry Flaugher, Oklahoma City, for appellant.

Looney, Nichols, Johnson & Hayes by E. Bay Mitchell, III, Oklahoma City, for appellees.

HODGES, Justice.

A negligence action was brought against Independent School District No. I-89; Board of Education of Independent School District No. I-89; Floyd Donwerth, Betty Hill, Gene Brody, Hugh Long, Susan Hermes, Shirley Darrell, and Delbert Hamm, as Members of the Board; and Jose Rideout (appellees) under the Political Subdivision Tort Claims Act (Act).[1] The trial court granted appellees' motion for summary judgment, ruling that the six month statute of limitations had expired before the suit was filed. Two issues are presented for our consideration. First, whether the trial court erred in interpreting the applicable statute of limitations under the Act. Secondly, whether summary judgment was improper because appellees were equitably estopped from asserting the statute of limitations' defense. We answer both questions in the negative and affirm the judgment of the trial court.

On April 3, 1981, Jose Rideout, a bus driver for appellee school district, abducted Sally Doe (a fourteen year old retarded female) and forced her to have sexual intercourse. Rideout was convicted and sentenced for the crime. Jane Doe, the natural mother of Sally (appellant), brought this action after it was revealed that Rideout had prior convictions for sexual crimes.

Appellant sent notice of the claim to the school board on July 17, 1981. Thereafter, all correspondence on the claim was between appellant's attorney and an investigator from the school board's insurance company. The investigator informed the attorney that he could not settle the claim until he completed his report of the incident. On November 24, 1981, the attorney sent a letter indicating that he would file the suit unless the claim was successfully resolved. The investigator again urged her to wait until the report was complete. On December 3, 1981, appellant's attorney telephoned the investigator who then informed him the claim was denied. On December 11, 1981, a letter was received by appellant's attorney confirming that conversation. The lawsuit was not filed until June 3, 1982.

Appellant first claims that her action was not time barred by the applicable statute of limitations. She contends that the trial court erred in interpreting 51 O.S.1981 §§ 156 and 157.[2] Section 156(C) provided in pertinent part:

"No action for any cause arising under this act shall be maintained unless valid notice has been given and *the action is commenced within six (6) months after notification of denial of the claim by the clerk of the political subdivision.*" (Emphasis supplied).

Section 157 provided:

"Within ninety (90) days after receiving the filing of a claim, the clerk of the political subdivision shall notify the claimant in writing of the approval or denial of the claim. *A claim is denied if the political subdivision fails to approve the claim in its entirely within*

---

1. 51 O.S.1981 § 151 *et seq.,* now retitled The Governmental Tort Claims Act, 51 O.S.Supp. 1987 §§ 151–171.

2. Section 157 was recently amended to provide: A. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the interested parties have reached a settlement before the expiration of that period. A

person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part. *The claimant and the state may continue attempts to settle a claim, however, settlement negotiations do not extend the date of denial.*

. . . .

1988 Okla.Sess.Laws 1087 (emphasis indicates addition).

*ninety (90) days, unless the interested parties have reached a settlement before the expiration of that period. A person may not initiate a suit against a political subdivision or an employee whose conduct gave rise to the claim unless the claim has been denied in whole or in part.*" (Emphasis supplied).

In our recent opinion in *Trent v. The Board of County Commissioners of Johnston County,* 755 P.2d 615 (Okla.1988), we observed the apparent purpose of the 90 day period for a political subdivision to either approve or deny a claim is for the benefit of plaintiff and to prevent a political subdivision from needlessly delaying the filing of a claim beyond 90 days. In affirming the district court, we ruled § 157 provided for an automatic denial of a claim after 90 days if it had not been denied, approved or settled at an earlier date. Furthermore, we distinguished *Whitley v. Oologah S.D. I-4 of Rogers Cty,* 741 P.2d 455 (Okla.1987), wherein a political subdivision continued to promise to settle the remainder of a claim up until such time as the suit was filed, which was well after the six month time limit. In *Trent,* we noted there was not a partial settlement or approval of the claim nor was there a promise to settle.

In the present case, appellant contends she considered the claim settled inasmuch as the investigator constantly maintained that there was no need to file the lawsuit because the claim would be settled when the investigation was complete. Furthermore, she contends that the statute of limitations was tolled for 60 days by the appellees' request for additional information.

From the record it is apparent there was not a settlement of appellant's claim. Appellant relies on the fact that the investigator urged her not to file her claim until his report was finished. We cannot accept appellant's position. Appellees never undertook negotiations with appellant nor did they ever admit liability for the claim, they simply were investigating the incident. Had appellant seriously considered the claim settled, she would not have sent a letter on November 24, 1981, indicating she would file the suit within the next week

unless the claim was successfully resolved. Moreover, on December 11, 1981, she received a letter unequivocally denying her claim and she still had over four months to file the suit.

Appellant relies on § 156(C) to substantiate her argument that the statute of limitations was tolled 60 days when appellees requested additional information. Section 156(C) provided in pertinent part:

"Failure to state either the time, place, circumstances and amount of compensation demanded shall not invalidate the notice unless the claimant declines or refuses to furnish such information within ninety (90) days after demand by the political subdivision."

Appellant erroneously construes this statute to provide for a tolling of the statute of limitations. Section 156(C) only concerns the adequacy of the notice given the political subdivision. *Trent,* 755 P.2d at 615. It is undisputed that appellant complied with the notice provisions of this section.

■ We find no merit in appellant's argument that appellees' request for additional information somehow extended the statute of limitations 60 days. Therefore, we would affirm the district court's holding that appellant failed to comply with the statute of limitations. Appellant's action was time barred on April 15, 1982, six months after the claim was denied by operation of law under § 157.

Next, appellant attacks the trial court's grant of summary judgment. She contends there still existed a substantial controversy of fact as to the issue of equitable estoppel. Appellant maintains reasonable persons might differ as to the conclusions to be drawn from the undisputed facts. Her argument again stems from her allegation the investigator of the claim urged her to wait until he finished his report. In short, she claims appellees are estopped from asserting a § 156(C) time bar because they induced appellant's attorney to delay in filing her lawsuit.

In *Jarvis v. City of Stillwater,* 732 P.2d 470, 472–73 (Okla.1987), we stated:

"A fact question as to whether a defendant is estopped from interposing the defense of a time bar is generally raised by a plaintiff's allegations that the defendant had made (a) some assurance of settlement negotiations reasonably calculated to lull the plaintiff into a sense of security and delay action beyond the statutory period, or (b) by an express and repeated admission of liability in conjunction with promises of payment, settlement or performance, or (c) any false, fraudulent or misleading conduct or some affirmative act of concealment to exclude suspicion and preclude inquiry, which induces one to refrain from timely bringing an action." (Footnotes omitted).

The *Jarvis* case is factually similar and controls the disposition of the present case. Jarvis relied on a letter sent by the city requesting additional information and also mentioning an investigation, the results of which would be made available to Jarvis. Jarvis argued the letter led him to believe further correspondence from the city would be forthcoming, and this reliance induced him to delay in filing his action. We held Jarvis had failed to make out a case for estoppel because the letter did not fall into any of the three variations that would support an equitable estoppel argument. Furthermore, we stated the Political Subdivision Tort Claims Act narrowly structures the method for bringing a tort claim against a municipality.

■ Upon reviewing the record in the instant case we find there is no evidence that would support an estoppel argument. In order to invoke the doctrine of equitable estoppel there must be some assurance of settlement negotiations reasonably calculated to lull a plaintiff into a sense of security and delay action beyond the statutory period. *Jarvis*, 732 P.2d at 472. Appellees never admitted liability for the claim or undertook negotiations to settle it. In addition, the record does not reflect any false, fraudulent or misleading conduct on

the part of appellees. Any reliance on the part of appellant was unequivocally denounced when appellee sent a letter rejecting the claim. Appellant still had over four months to file her claim. We cannot hold appellees' actions were the cause of appellant's delay in the filing of her action beyond the statutory period.

We find the district court correctly granted summary judgment. In sum, we find appellant failed to allege facts sufficient to invoke the doctrine of equitable estoppel and also failed to file her action before the statute of limitations expired.

The district court's judgment for appellees is affirmed.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER and SIMMS, JJ., concur.

OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., dissent.

OPALA, Justice, with whom KAUGER, Justice joins, dissenting.

I dissent from the court's opinion for the reasons expressed by me in *Trent v. Board of County Com'rs*, 755 P.2d 615, 619 [Okl. 1988] (Opala, J., dissenting) and *Whitley v. Oologah S.D. I–4 of Rogers Cty.*, 741 P.2d 455 [Okl.1987] (Opala, J., concurring).

ALMA WILSON, Justice, dissenting.

The majority opinion holds that the appellees were not equitably estopped from asserting the statute of limitations defense. Because I believe that there is a fact question which should be resolved by a factfinder, summary judgment is improper. I therefore respectfully dissent.

In a negligence action brought under the Political Subdivision Tort Claims Act,[1] the trial court granted summary judgment to defendants finding that the six months' statute of limitations in 51 O.S.1981, § 156(C) had expired before the suit was filed. The attorney for the plaintiff claims that he was encouraged not to file a law-

---

1. 51 O.S.1981, § 151 et seq., now retitled Governmental Tort Claims Act, 51 O.S.Supp.1987, §§ 151–171.

suit by the demeanor, actions, and the specific requests of the insurance company's investigator and therefore the insurance company should be barred from asserting the statute of limitations as a defense by reason of equitable estoppel.

On April 3, 1981, during school hours, Sally Doe, a fourteen-year-old retarded female, was taken by her school bus driver, Jose Rideout, to a motel where he forced her to have sexual intercourse. Subsequently, Rideout was convicted and sentenced for his crime. The plaintiff alleged that Rideout had a previous police record which revealed that prior to his employment with the defendant school district, he had been arrested on sixteen separate occasions, that he had been convicted of four separate crimes including attempted criminal assault on a female of the age of thirteen, and that six of the past charges against him involved sexual crimes or attempted sexual crimes on females under the age of eighteen.

On July 17, 1981, the plaintiff's attorney sent notice to the school board of plaintiff's claim. In early August, he was contacted by the investigator for the school board's insurance company. In a deposition of the plaintiff's attorney by the defendants, the attorney testified that he and the investigator met and talked on the phone on several occasions from August through December, 1981, which he describes in the deposition. He stated that the investigator told him that there was no need to file a lawsuit, and that the matter could not be settled until he had finished his investigation and submitted his report. The defendants allege that the claim was denied by operation of law on October 15, 1981, ninety days after the claim was made.[2] On November 24, 1981, plaintiff's attorney sent the investigator a letter stating that he intended to file suit "within the next week unless this matter can be successfully resolved." Two days later, plaintiff's attorney received a phone call from the investigator telling him, "Don't file your lawsuit, I've still got a little bit of investigation to do, let me go ahead and complete my investigation. You don't need to file your lawsuit." On December 3, 1981, plaintiff's attorney had a telephone conversation with the investigator and was told that the claim had been denied, that the position of the company was that there would be another insurance company that would pay the claim. At the attorney's request, the investigator sent a letter confirming the telephone conversation. The letter was sent December 8, 1981, and received December 11, 1981. On April 15, 1982, the defendants allege the statute of limitations ran,[3] and the petition was filed on June 3, 1982.

The relevant provisions of the Political Subdivision Tort Claims Act are found in 51 O.S.1981, § 157, and § 156(C). Section 157 provides that a claim is denied if the political subdivision fails to approve the claim within ninety days or receipt of the claim. Because such a time limit is procedural, like other statutes of limitation, the time bar may be extended by estoppel. *See Jarvis v. City of Stillwater*, 732 P.2d 470, 473 (Okla.1987).

Section 156(C) provides that "[n]o action for any cause arising under this act shall

**2.** 51 O.S.1981, § 157 provided:

Within ninety (90) days after receiving the filing of a claim, the clerk of the political subdivision shall notify the claimant in writing of the approval or denial of the claim. A claim is denied if the political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the interested parties have reached a settlement before the expiration of that period. A person may not initiate a suit against a political subdivision or employee whose conduct gave rise to the claim unless the claim has been denied in whole or in part.

Section 157 has subsequently been amended by 1984 Okla.Sess.Laws, ch. 226, § 9, eff. Oct. 1, 1985; and 1984 Okla.Sess.Laws, ch. 228, § 5, eff. July 1, 1984.

**3.** 51 O.S.1981, § 156(C) provided in pertinent part:

No action for any cause arising under this act shall be maintained unless valid notice has been given and the action is commenced within six (6) months after notification of denial of the claim by the clerk of the political subdivision.

Section 156 has subsequently been amended by 1984 Okla.Sess.Laws, ch. 226, § 8, eff. Oct. 1, 1985; 1985 Okla.Sess.Laws, ch. 357, § 2, operative Oct. 1, 1985, and 1986 Okla.Sess.Laws, ch. 247, § 23, operative July 1, 1986.

be maintained unless ... the action is commenced within six (6) months after notification of denial of the claim by the clerk of the political subdivision." This Court has previously held that unless a claim has been approved during the ninety day period, the claim is deemed denied at the end of the ninety days. *Neal v. City of Blackwell*, 670 P.2d 587, 588 (Okla.1983). Where a claim is deemed denied, the six-month limitation of section 156(C) is activated. *Lucas v. Independent Pub. School Dist. No. 35*, 674 P.2d 1131 (Okla.1983). But where the facts show that a plaintiff is lulled into a sense of security to delay the filing of a lawsuit beyond the statutory period, the defendant will be estopped from interposing the defense of a time bar. *Jarvis*, 732 P.2d at 471. "One cannot equitably lull an adversary into a false sense of security, thereby subjecting his claim to the bar of limitations, and then be heard to plead that very delay as a defense to the action." *Whitley v. Oologan Ind. School Dist.*, 741 P.2d 455, 457 (Okla.1987).

The issue before this Court is whether the actions which the plaintiff alleges were taken by the defendants in urging the plaintiff not to file a lawsuit were legally sufficient to lull the plaintiff's attorney into a false sense of security so that the defendants are estopped from using the statute of limitations as a defense. The trial court on a motion for summary judgment found that the plaintiff's claim was denied by operation of law on October 15, 1981, and that the six months' statute of limitations ran on April 15, 1982, and that therefore the plaintiff was barred by the statute of limitations. At the time of the hearing, District Court Rule 13 [4] provided in pertinent part:

> A party may move for judgment in his favor on the ground that the depositions, admissions in the pleadings, stipulations, answers to interrogatories and demands to admit, affidavits, and exhibits on file, filed with his motion or subsequently filed with leave of court show that there is no substantial controversy as to any material fact.

Therefore, if the facts alleged by the plaintiff concerning the actions of the defendant's investigator are legally sufficient to estop the defendant from asserting the statute of limitations as a defense, summary judgment should have been denied.

The alleged facts which I find persuasive are that the plaintiff's attorney was told that there was no need to file a lawsuit when he contacted the investigator, and that the matter could not be settled until the investigator had finished his report, leading the plaintiff's attorney to believe that the settlement would be made as soon as the investigation was complete. In fact, the insurance company never denied that the school board was liable for its employee's tortious conduct, only "that there is no coverage under their policy for this loss." In his December 3, 1981, telephone conversation with the insurance investigator, the plaintiff's attorney was led to believe that another insurance company would pay the claim.

In *Jarvis*, which the majority opinion finds to be dispositive, this Court stated that a fact question concerning whether a defendant is estopped from interposing the defense of a time bar is raised by the plaintiff's allegations that the defendants had made:

> (a) some assurance of settlement negotiations reasonably calculated to lull the plaintiff into a sense of security and delay action beyond the statutory period, or (b) an express and repeated admission of liability in conjunction with promises of payment, settlement or performance, or (c) any false, fraudulent or misleading conduct or some affirmative act of concealment to exclude suspicion and preclude inquiry, which induces one to refrain from timely bring an action.

*Jarvis*, 732 P.2d, at 472–473.

The case at bar is a classic scenario of voluntary enlargement of the ninety-day denial period. The provisions of § 157 required a denial of the claim in whole or in part before suit could be instituted. The

---

**4.** 12 O.S.1981, ch. 2, App., Rules for District Courts of Oklahoma (subsequently withdrawn and replaced by order of Oct. 30, 1984, eff. Nov. 1, 1984).

request of the insurance investigator that the plaintiff not file suit until his investigation report was completed not only prompted but required plaintiff's attorney's letter of November 24, 1981, advising he would file suit within a week and requesting a response of denial or acceptance of plaintiff's offer of settlement. Clearly at that date, both plaintiff and defendants recognized the claim as undenied. On receipt of that letter defendants' investigator requested additional time for a response. Under these facts, defendants may not now deny under the authority of *Neal* and *Lucas* that the ninety-day time of "deemed denial" was enlarged by its own request.

The plaintiff has alleged facts which if proven would show that the actions of the insurance investigator were misleading inducing him from timely bringing the lawsuit. The petition was filed within six months of December 8, 1981, which was the date the letter was sent which denied the insurance company's liability. The action would therefore be timely. *Whitley*, 741 P.2d at 457. I would find that the alleged acts of the defendants' insurance investigator were sufficient to assert a fact question which would still be in controversy and therefore summary judgment was improper. I would reverse the judgment of the trial court and remand this cause for further proceedings.

SUMMERS, Justice, dissenting.

Plaintiff filed her action six months to the day from the date she was first notified that her claim had been denied by the defendant, satisfying 51 O.S.1981 § 156(C). I therefore dissent for the reasons expressed in my dissenting opinion in *Trent v. Board of County Commissioners of Johnston Co.*, 755 P.2d 615, 621 (Okla.1988).

KAUGER, J., joins in these views.