Joleen SANCHEZ, Appellant,

v.

CITY OF SAND SPRINGS, Appellee.

No. 61832.

Supreme Court of Oklahoma.

March 27, 1990.

Joe Richard, Tulsa, for appellant.

Secrest & Hill by James K. Secrest, II and Theresa G. Dreiling, Tulsa, for appellee.

HODGES, Justice.

On April 30, 1982, Joleen Sanchez (appellant or Sanchez) was injured when a police car struck her vehicle from behind. The police car was owned by the appellee, City of Sand Springs (City). Its driver, a police officer for the City, was acting within the scope of employment at the time of the accident.

Sanchez gave notice of her claim, brought under the Political Subdivision Tort Claims Act (Act),[1] to the City on May 31, 1982. Three days later, the City's insurance carrier contacted Sanchez's attorney to request additional information concerning the amount of the claim. Although there were further communications between the insurance carrier and Sanchez's attorney, the requested information was not provided until November 10, 1982. After receiving no decision concerning approval of her claim, Sanchez filed her action on July 12, 1983.

The trial court granted summary judgment in favor of the City on the grounds that Sanchez had not commenced her action within the statutory filing period. The Court of Appeals reversed stating that the City's request for additional information tolled the filing period until the information was provided.

Three issues are presented: (1) Did the City's request for additional information toll the 90-day period, within which the political subdivision must approve or deny a claim, until the requested information was provided? (2) Did the actions of the City's insurance carrier lull the appellant into delaying the filing of her lawsuit so that the City should now be equitably estopped from raising the statute of limitations as a bar to recovery? (3) Can the plaintiff bring an independent action against the City under Okla.Stat. tit. 11 § 23-104 and escape the filing requirements of the Act? We answer each of these questions in the negative.

■ Questions one and two were addressed in the recent decision in *Doe v. Independent School District No. I-89*, 780 P.2d 659 (Okla.1988). *Doe* affirmed a trial court ruling that a request for additional information by a political subdivision did not toll the 90-day period. Thus, the *Doe* decision disposes of question one.

■ As to question two, both Sanchez and the plaintiff in *Doe* argued that the subdivision had lulled them into delaying the filing of a lawsuit beyond the period of time allowed by the Act. They further asserted that as a result the subdivision should be equitably estopped from raising the time limitation as a bar to recovery.

*Doe* followed the decision in *Jarvis v. City of Stillwater*, 732 P.2d 470 (Okla. 1987), which outlined three situations in which a party may assert equitable estoppel. The plea of estoppel may be raised when:

> [t]he defendant ha[s] made (a) some assurance of settlement negotiations reasonably calculated to lull the plaintiff into a sense of security and delay action beyond the statutory period, or (b) an express and repeated admission of liability in conjunction with promises of payment, settlement or performance, or (c) any false, fraudulent or misleading conduct or some affirmative act of concealment to exclude suspicion and preclude inquiry which induces one to refrain from timely bringing an action.

*Id.* at 472–73. In *Doe* the actions of the political subdivision did not support the ap-

1. Okla.Stat. title 51, §§ 151–170 (1981). Effective October 1, 1985, the Act was superseded by the Governmental Tort Claims Act, Okla.Stat. title 51, §§ 151–171 (Supp.1984).

plication of equitable estoppel. In the instant action, as in *Doe*, "[a]ppellees never undertook negotiations with appellant nor did they ever admit liability for the claim, they simply were investigating the incident." *Doe*, 780 P.2d at 659. The letter from the insurance agent appears to address a future opportunity to enter negotiations for settlement but makes no promise that a settlement will be reached.

Question three arises from appellant's misunderstanding of section 155 of the Act. That section provides:

A political subdivision or an employee acting within the scope of his employment shall not be liable if a loss results from:

. . . .

6. Civil disobedience, riot, insurrection or rebellion or the failure to provide, or method of providing, police, law enforcement or fire protection;

. . . .

**2. Police and fire vehicles—Liability insurance**

A municipal governing body is hereby authorized and may purchase liability insurance on all vehicles, motorized machinery, or equipment owned or used by the police department or the fire department of the municipality. Such insurance shall provide for the payment of damages to persons sustaining bodily injuries or sustaining damage to their properties, proximately caused by the negligent operation of such motor vehicles, motorized machinery, or equipment, in the course of their operation as such. Such insurance shall be on standard policy forms approved by the State Board of Property and Casualty Rates, and with companies authorized to do business in Oklahoma, and shall be paid for out of administrative funds of such departments for whom the insurance is purchased. Such insurance may cover not only the department of the municipality for whom the insurance is purchased, but may also cover the personal liability of the operator or operators. The ownership, maintenance, operation and use of motor vehicles and motorized movable equipment, owned, leased, used, or operated by such departments named in this section are hereby declared to be public governmental functions. *An action for damages may be brought against such departments, but the governmental immunity of such department shall be waived only to the extent of the amount of insurance in full force and effect.* Such departments shall be liable for negligence only while such insurance is in force and effect, but in no case exceeding the limits of coverage of any such insurance in force and effect. No attempt shall be made in the trial of any action

Appellant contends that if she can set this case within one of the "exemptions from liability" enumerated in section 155, the case will then fall outside the Act and its filing period. She further asserts that if a claim is exempt from the Act an independent action could be brought directly under the now repealed section 23–104 of title 11 which allows recovery up to the amount of the insurance coverage.[2]

■■■ The exemptions in section 155 are exemptions from *liability*, not exemptions from other provisions of the Act. Further, no independent cause of action is provided by title 11, section 23–104. A very similar argument was rejected in *Conway v. Ohio Casualty Insurance Co.*, 669 P.2d 766 (Okla.1983). Conway brought suit against the insurance company as well as the school district claiming that title 70, section 9–106 [3] permitted an alternative right of

brought against such department to suggest the existence of any insurance which covers in whole, or in part, any judgment or award which may be rendered in favor of the plaintiff, and if the verdict rendered by the jury exceeds the limits of the applicable insurance in force and effect, the court shall reduce the amount of said judgment or award to a sum equal to the applicable limits stated in the policy or policies, which are in full force and effect. To the extent that an insurer has provided indemnity in a contract of insurance to a department described in this section, the said insurer may not plead as a defense in any action involving insurance purchased by the authority of this section, the governmental immunity of the municipality or department thereof purchasing insurance pursuant to this section. Venue of all actions provided for herein shall be in the county where the cause of action arose, but summons may be served upon the chief executive or administrative officer of the municipality being sued and alleged to come within the purview of this section, wherever such officer may be found. Okla.Stat. title 11, § 23–104 (1981) (repealed by 1984 Okla. Sess. Laws 431) (emphasis added).

**3. Insurance to pay damages—Actions against school district**

The board of education of any school district authorized to furnish transportation may purchase insurance for the purpose of paying damages to persons sustaining injuries proximately caused by the operation of motor vehicles used in transporting school children. The operation of said vehicles by school dis-

action. This action was argued to be available in addition to the suit brought directly against the school district under the Act. We held that section 9–106 had been superseded by the Act. Section 170 of the Act provides:

This act is exclusive and supersedes all home rule charter provisions and special laws on the same subject heretofore, and all acts or parts of acts in conflict herewith are repealed.

In addition, it was noted that section 168 of the Act specifically deals with insurance for school districts.

*Conway* is analogous and the same analysis applies to this case. The now repealed section 23–104 provided for the purchase of liability insurance by municipalities to compensate persons injured by fire or police vehicles. The Act, however, has its own provision for insurance for municipalities in section 167. By operation of section 170, section 23–104 like section 9–106, was superseded and repealed. Furthermore, the Act provides:

The *liability* of the state or political subdivision under this act *shall be exclusive and in place of all other liability* of the state, a political subdivision or employee at common law or otherwise. . . .

Okla.Stat. title 51, § 153(B) (emphasis added).

Appellant's action was not timely filed. The time limitations of the Act were not tolled by the City's request for additional information. Nor was appellant's delay induced by promises of settlement justifying a plea of estoppel. Finally, even if this case did fall into one of the exemptions of section 155, the exemption is from liability and did not confer an independent cause of action under title 11, section 23–104. The trial court correctly granted summary judgment in favor of the City.

tricts, however, is hereby declared to be a public governmental function, and no action for damages shall be brought against a school district under the provisions of this section but may be brought against the insurer, and the amount of the damages recoverable shall be limited in amount to that provided in the contract of insurance between the district and the insurer and shall be collectible from said insurer only. The provisions of this section shall not be construed as creating any liability whatever against any school district which does not provide said insurance.
Okla.Stat. title 70, § 9–106 (1981).

OPINION OF THE COURT OF APPEALS IS VACATED. JUDGMENT OF THE TRIAL COURT IS REINSTATED.

HARGRAVE, C.J., and LAVENDER, SIMMS and DOOLIN, JJ., concur.

OPALA, V.C.J., and ALMA WILSON, KAUGER and SUMMERS, JJ., dissent.

OPALA, Vice Chief Justice, dissenting.

I dissent from the court's opinion for the reasons expressed by me in *Trent v. Board of County Com'rs,* 755 P.2d 615, 619 [Okl. 1988] (Opala, J., dissenting) and *Whitley v. Oologah S.D. I–4 of Rogers Cty.,* 741 P.2d 455 [Okl.1987] (Opala, J., concurring).

ALMA WILSON, Justice, dissenting.

I dissent for the principle stated in my dissent in *Doe v. Independent School Dist. No. I–89,* 780 P.2d 659 [Okla.1988].