**George and Hazel LASITER,
Appellants,**

**v.**

**CITY OF MOORE, Appellee,**

**and**

**Kentucky Fried Chicken; Long John Silver's Seafood Shoppe; McDonald's Distributing Company; Mr. Jake Nye and Brown Plumbing Company, Defendants.**

**No. 70859.**

Court of Appeals of Oklahoma, Division No. 1.

Sept. 5, 1990.

Rehearing Denied Oct. 19, 1990.

Certiorari Denied Dec. 11, 1990.

Guy L. Hurst, Piedmont, for appellants.

Sherry Blankenship, Ted N. Pool, Pool, Thompson, Coldiron, Blankenship & Vincent, Oklahoma City, for appellee.

MEMORANDUM OPINION

PATRICIA DOUGHERTY

MacGUIGAN, Judge:

On or about November 2, 1986 Appellants allegedly sustained damages following a sewer backup occurring in Appellants' home. On November 4, 1986 the Appellants filed a notice of claim with Appellee on a form furnished by Appellee entitled "Notice of Tort Claim." This form contained language as follows:

> (When you have completed this notice of tort claim and filed it with the City/Town Clerk, it will then be submitted to Fred S. James & Company for investigation and adjustment. You may expect to be contacted by Fred S. James & Company.)

On November 14, 1986 another notice of claim was submitted to Appellee signed by Appellants' attorney on behalf of the Appellants. On December 15, 1986 Appellee in a City Council meeting addressed again Appellants' sewer damage question at its regularly scheduled council meeting. After discussion the City Council voted to pay the claim of Appellants. After Appellants left the meeting, through a motion to reconsider, the claim was denied.

Appellants filed their petition on June 15, 1987. Appellee filed a motion to dismiss which was sustained on the grounds that the petition of Appellants was filed after the expiration of the 180–day filing period following denial of the claim pursuant to the Governmental Tort Claims Act (Act), 51 O.S.Supp.1987 §§ 151 et seq. Appellants then filed a motion to reconsider which was granted. Following a hearing regarding the Appellants' motion to reconsider, the court again sustained Appellee's motion to dismiss on the grounds that the statute of limitations had run pursuant to 51 O.S. Supp.1987 §§ 151 et seq.

■ Appellants first assert that the trial court erred when it failed to determine that suit against Appellee under the Act may be brought between 90 and 270 days after the claim is filed with the City. 51 O.S.Supp. 1987 § 157 states in part:

A. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the interested parties have reached a settlement before the expiration of that period. A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part.

B. No action for any cause arising under this act shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section.

The notice and 180–day filing provisions found in § 157 are essential to the establishment of a right to a cause of action under the Act. If there is a failure of compliance, then a political subdivision is exempt from liability pursuant to the Doctrine of Sovereign Immunity, 51 O.S.Supp. 1987 § 152.1, and an action would fail to state a claim upon which relief can be granted, 12 O.S.1981 § 2012(B)(6). These notice and filing provisions are a creation of statutory law and "creates a right previously unknown to both the common as well as the statutory law." *Trinity Broadcasting Corp. v. Leeco Oil Co.,* 692 P.2d 1364 (1984) (citing *Hiskett v. Wells,* 351 P.2d 300 (Okl.1960). The filing of litigation within 180 days is pursuant to § 157(B), a condition precedent and an essential element of any right to a cause of action against a municipality. *Trent v. Board of Commissioners of Johnston County,* 755 P.2d 615 (Okl.1988); *Whitney v. Oologah Independent School District, I–4 of Rogers County,* 741 P.2d 455 (Okl.1987).

■ It is Appellants' position that an action against a municipality can only be commenced after 90 and before 270 days after the filing of a claim against a municipality. Appellants propose that the only way a claim can be denied is by the passage of 90 calendar days. We disagree. Had this been the intent of the Legislature the statute would have stated that no claim against a municipality can be initiated for

90 days whether or not approved and that the 180 days would begin to run on the 90th day; or the Legislature would have provided that an action against a municipality must be commenced within 270 days but not before 90 days regardless of any action on the part of the municipality. The Court in *Trent v. Board of Commissioners of Johnston County,* supra, 755 P.2d at 617 states:

"On its face, § 157 provides for the automatic denial of a claim after 90 days if it has not been denied, approved or settled at an earlier date."

The cases relied upon by Appellants, *Neal v. City of Blackwell,* 670 P.2d 587 (Okl.1983) and *Lucas v. Independent Public School District Number 35,* 674 P.2d 1131 (Okl.1983) are distinguishable from the present case. The *Neal* and *Lucas* cases stand for the proposition that where a municipality takes no action, a plaintiff would not be required to wait until he received actual notice from the City Clerk. The requirement of notification by the City Clerk was eliminated in 1985 and in the present case Appellants did in fact receive notice of the City's denial of their claim.

■ Appellee, the City of Moore, argues that the date of the first denial; i.e., November 13, 1986, the date of the written denial by Oklahoma Municipal League/Municipal Assurance Group (Insurance Company) is the date that the statute of limitations would begin to run. We hold, however, that an insurance company's decision to deny the claim is not the Appellee's decision. The City Council for the City of Moore has the authority over claims against Appellee and the insurance company only pays for such claims if required under the insurance contract with Appellee. The power over such claims remains with the legislative branch of city government, absent some contrary city charter provision delegating that authority. *City of Muskogee v. Senter,* 186 Okl. 174, 96 P.2d 534 (1939); *Nottingham v. City of Yukon,* 766 P.2d 973 (Okl.1988). Accordingly, in the present case the purported denial by the Insurance Company was not a denial of the claim by Appellee and was not a denial under the Governmental Tort Claims Act, 51 O.S.Supp.1987 §§ 151 et seq.

We hold, however, that the time limitations on this action began to run when the matter was addressed and ultimately denied by the City Council of Appellee on December 15, 1986. Appellants had 180 days from that date or until June 13, 1987 to file their action with Appellee. June 13, 1987 was a Saturday. Therefore, Appellants had until June 15, 1987, Monday, to file their claim. This action was filed by Appellants on June 15, 1987.

Thus, we hold that pursuant to 51 O.S. Supp.1987 § 157 Appellants' petition was filed within the 180–day filing period following Appellee's December 15, 1987 denial of Appellants' claim. The statute of limitations had not run in this case prior to Appellants' filing this action and the trial court's dismissal was improper.

Our decision makes it unnecessary for us to address Appellants' remaining propositions of error.

REVERSED AND REMANDED.

HUNTER, V.C.J., and GARRETT, P.J., concur.