1999 OK CIV APP 117

**David L. ROLLER, Plaintiff/Appellant,**

v.

**CITY OF HARRAH, Defendant/Appellee.**

**No. 93,221.**

Court of Civil Appeals of Oklahoma, Division 1.

Aug. 27, 1999.

M. Blake Yaffe, Jerry W. Foshee, Oklahoma City, Oklahoma, for plaintiff/appellant.

David W. Kirk, Robert C. Thompson, Oklahoma City, Oklahoma, for defendant/appellee.

1. No journal entry was made on the trial court's ruling on the summary judgment motion until after the court ruled on the motion for new trial.

## OPINION

Opinion by CAROL M. HANSEN, Presiding Judge:

¶ 1 Plaintiff/Appellant, David L. Roller, seeks review of the trial court's order granting summary judgment in favor of Defendant/Appellee, City of Harrah, and denying Roller's motion for new trial.[1] Roller's claim arose from a car accident on March 10, 1998, in which Roller was rear-ended by a Harrah police car. Roller settled his property damage claim and filed suit to recover for bodily injury. Harrah moved for summary judgment on the grounds Roller's claim was barred by the time limitation of the Governmental Tort Claims Act, 51 O.S.Supp.1995 § 157. The trial court granted the motion and Roller appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla.Sup.Ct.R. 1.36, 12 O.S.Supp.1996, Ch. 15, App. 1. We reverse.

¶ 2 Roller notified Harrah of his claim on April 7, 1998. In his affidavit submitted with his response to Harrah's motion for summary judgment, Roller stated he talked to Fred Bunch, an adjuster for Sedgwick Claims Management Services, about three weeks after he gave notice of his accident. He said Bunch requested he send in all of his medical bills and records after he finished treatment. Roller's counsel, Blake Yaffe, stated in his affidavit,

I was hired by David Roller on June 24, 1998 . . . .

.        .        .        .        .

After talking to my client, I contacted Fred Bunch . . . . He said he had issued a check for $500 for the property damage. When I asked about David's bodily injury claim, Mr. Bunch requested that I submit all of David's medical records and bills after David had finished with his treatments. He said he would make a determination on the bodily injury claim after he

Both rulings were combined in the same journal entry.

had received all of David's medical records and bills.

.　　.　　.　　.　　.

My client finished his medical treatment on October 14, 1998. That same day I sent out medical requests for all of David's medical records and bills and also a request for loss of wages from David's employer. I had received all of David's medicals by the end of December. At that time I then compiled his medical specials and submitted them to the city in a reasonable time on January 7, 1999.

Harrah submitted no evidence controverting these statements and admitted Bunch was "an adjustor for a company processing claims against Harrah." Bunch sent Yaffe a letter dated January 25, 1999 stating the statute of limitations on Roller's claim ran January 4, 1999. Roller filed suit on January 28, 1999.

¶ 3    Harrah asserts Roller's claim was denied by operation of law on July 6, 1998, 90 days following the submission date, and the deadline for filing suit expired 180 days thereafter, on January 4, 1999. Roller argues the 90-day denial period did not begin to run until January 7, 1999, the day he submitted the additional information requested by Harrah's adjuster.

■ ¶ 4    *Bivins v. State ex rel. Okla. Mem. Hosp.*, 1996 OK 5, 917 P.2d 456 is controlling. The Court stated,

we hold that a claimant—who, while pressing for statutory tort redress against a public agency, responds within a reasonable or stated time to (or gives the reason for not complying with) a government's post-notice request for more information about the claim—has in law a legitimate expectation to assume that (1) the agency request is made in good-faith pursuit of necessary information and not for the purpose of lulling the claimant into a sense of false security, (2) the perceived deficiency to be supplied in response to the request will be treated as submission of a completed claim's notice that is to be considered anew, and (3) the new submission's processing will take the full statutory time of 90 days during which the investigation and

evaluation must stand undisturbed by litigation.

*Id.* at 461–462. The Court distinguished *Bivins* from other recent GTCA jurisprudence, *Trent By and Through Trent v. Board of County Com'rs of Johnston County*, 1988 OK 15, 755 P.2d 615, *Doe v. Independent School Dist. No. I–89*, 1988 OK 115, 780 P.2d 659, and *Sanchez v. City of Sand Springs*, 1990 OK 26, 789 P.2d 240, based on whether the plaintiff responded in a reasonable time. In *Bivins*, the plaintiff responded to the city's request within a month, whereas in *Doe* and *Trent*, the plaintiff did not respond at all and in *Sanchez*, the plaintiff did not tender the information until five months later.

■ ¶ 5    Bunch acted on behalf of Harrah in requesting Roller's medical bills. Roller's counsel submitted the information as soon as it was available to him. Therefore, Roller had a legitimate expectation to assume Bunch's request was made in good faith and not for the purpose of lulling him into a sense of false security. The submission date of the information became the date the completed claim would be considered anew, and the 90-day denial period began to run from that date, January 7, 1999.

¶ 6    Harrah argues *Bivins* is distinguishable on its facts and the parties entered no written agreement to modify the statutory deadlines. It argues there is no written evidence Harrah or its agents requested additional material from Roller and the only evidence consists of "the self-serving remarks" of Roller and his counsel. In addition, Harrah argues the facts are analogous to those in *Sanchez* because Roller did not provide the information until six to seven months after the request was made and two and a half months after he could have provided it.

¶ 7    As we noted above, Harrah did not controvert the affidavits stating Bunch requested additional material. Under *Bivins*, there is no requirement the request be in writing. Although 12 O.S.1995 § 157 provides settlement negotiations do not extend the date of denial unless agreed to in writing, that provision is not triggered until the claim is submitted. Under *Bivins*, the claim is not deemed submitted when a request for addi-

tional information is made until that information is timely provided.

¶ 8   In *Sanchez,* the city requested "additional information concerning the amount of the claim."   789 P.2d at 241.   Sanchez delayed more than five months before providing it.   Here, there is evidentiary material to show Harrah requested Roller provide his medical bills after he finished treatment. Under that theory, both sides knew treatment was ongoing and contemplated the information would not be available until an indefinite time in the future.   There was evidentiary material Roller's attorney began gathering the information as soon as treatment ended.   He stated he provided the information to Harrah within days after receiving it.   Therefore, there remains a fact question whether the exception recognized in *Bivins* applies.

¶ 9   For the foregoing reasons, the trial court's judgment in favor of Harrah is **REVERSED** and this matter is **REMANDED.**

CARL B. JONES, C.J., and ADAMS, J., concur.