Susan HART, Appellant,

v.

The BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY, Oklahoma, Appellee,

and

Annette Jett and Glen Graham, Defendants.

No. 78235.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 24, 1992.

James A. Williamson, Tulsa, for appellant.

J. Dennis Semler, Asst. Dist. Atty., Tulsa, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Susan Hart (Appellant) brought this action pursuant to the Oklahoma Governmental Tort Claims Act, 51 O.S. 1991 § 151 et seq. (the Act). This appeal arises from the order sustaining the motion to dismiss of Appellee, Board of County Commissioners of Tulsa County, Oklahoma, (Appellee).[1]

Prior to filing this action in the trial court, judgment had been rendered against Appellant in favor of Annette Jett (Jett) in a forcible entry and detainer action. Jett, through her attorney Glen Graham (Graham), delivered an execution on the judgment to the Tulsa County Sheriff's Office to evict Appellant. The Sheriff, through Deputy John Thomas (Thomas), posted the notice on the door of the premises, as Appellant was not present, and later was allowed entry by Jett. Thomas removed Appellant's personal property from the premises and set it outside. She claims that some of her property was stolen. Later that day it rained, and Appellant contends the rest of her property was ruined.

Claimant gave timely notice of a claim against the County. See 51 O.S.Supp.1988 § 156. Appellee denied her claim on Monday, July 30, 1990. Appellant commenced this action in the trial court on April 8, 1991. She named as a defendant, the Tulsa County Sheriff, Stanley Glanz, ex rel. Tulsa County, a political subdivision. Appellee appeared specially for the purpose of filing a motion to dismiss for the reasons that: (1) Sheriff Glanz is not a legal entity capable of being sued under the Governmental Tort Claims Act, 51 O.S.Supp.1986 § 163(C); (2) no process had been issued to Appellee, and that jurisdiction over the County can be obtained only by suing the Board of County Commissioners and by serving a summons upon the County Clerk; and (3) the case must be dismissed for failure to commence the action within 180 days of the denial of the claim, pursuant to 51 O.S.Supp.1989 § 157(B).

Appellant filed a First Amended Petition, alleging the Board of County Commissioners of Tulsa County is the proper entity to sue when suing Tulsa County and corrected the style of the case, deleting Glanz, and dismissed him as a defendant. Appellant also alleged she was never informed of the denial of her claim before the end of the 90 day period in 51 O.S.Supp.1989 § 157, relating to claims deemed denied by operation of law, and that she filed the action within 180 days thereafter.

Appellant contends the trial court misconstrued 51 O.S.Supp.1989 § 157(B). It is her position that the 180 day limitation period for filing a petition begins to run after the 90 day "automatic denial" provision of § 157(B). Section 157 provides:

A. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the interested parties have reached a settlement before the expiration of that period. A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part. The claimant and the state or political subdivision may continue attempts to settle a final judgment.

---

**1.** The trial court entered an order in accordance with 12 O.S.1991 § 1006 directing the entry of

claim, however, settlement negotiations do not extend the date of denial.

B. No action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim *as set forth in this section.* Neither the claimant nor the state or political subdivision may extend the time to commence an action by continuing to attempt settlement of the claim. (Emphasis added).

It is Appellant's contention that the above underscored language in subsection B refers only to the "deemed denial", which arises by operation of law when the state or political subdivision fails to approve the claim within 90 days, because this type of denial is the only type mentioned in the section. Appellant cites *Trent v. Board of County Commissioners of Johnston County,* 755 P.2d 615 (Okl.1988), as authority for her position, but acknowledges *Trent* did not squarely address whether an affirmative denial before the end of the 90 day period starts the 180 day limitation period.

■ This Court in *Lasiter v. City of Moore,* 802 P.2d 1292 (Okl.App.1990) (Cert. denied 1990), did address this precise issue. It was argued by the Claimants therein, whose claim was affirmatively denied, that the only way a claim can be denied is by the passage of 90 calendar days. This Court disagreed, stating:

> Had this been the intent of the Legislature the statute would have stated that no claim against a municipality can be initiated for 90 days whether or not approved and that the 180 days would begin to run on the 90th day; or the Legislature would have provided that an action against a municipality must be commenced within 270 days but not before 90 days regardless of any action on the part of the municipality.

*Lasiter* quotes from *Trent, supra,* 755 P.2d at 617, in which the Supreme Court stated that "§ 157 provides for the automatic denial of a claim after 90 days *if it has not been denied, approved or settled at an earlier date."* (Emphasis added). We held the statute of limitations began to run when the claim was denied, and that the Appellants had 180 days from that date to file their petition. Similarly, in the present case, Appellant had 180 days from July 30, 1990, when her claim was denied, not 270 days from the date she filed her claim, in which to file her petition.

■ Appellant also contends that she was denied due process because she was not notified when her claim would be addressed by the County, or that her claim was denied on a particular date. Appellee responds that the current statutory language of 51 O.S.Supp.1989 § 157(A)(B) does not require such notice to be given. Moreover, the requirement that the clerk of the political subdivision notify the claimant of such denial was eliminated from the statute in Laws 1984, c. 226, § 9, effective October 1, 1985. See the legislative comment following 51 O.S.Supp.1984 § 157.[2] Claimants are required to follow the progress of their claims.

The State and its political subdivisions are immune from suit under the doctrine of sovereign immunity except as is provided by statute. Thus, the right to sue the State is strictly outlined by statute under the Act. Claimants must adhere to its provisions.

The trial court properly sustained Appellee's motion to dismiss.

AFFIRMED.

ADAMS, P.J., and JONES, J., concur.

---

**2.** County Commissioners have regular meetings and conduct official business at such meetings as is required by law. They are required to post a notice of the agenda of items to be considered. Interested parties may look at the agenda to determine whether some item of business is listed. The meetings are open to the public. Commissioners' proceedings are required to be published in a newspaper of general circulation.