**Leona DENNIS, Appellant,**

**v.**

**CITY OF CHICKASHA, Appellee,**

**Sedgwick James of Oklahoma, Inc., Defendant.**

**No. 84681.**

Court of Appeals of Oklahoma, Division No. 1.

April 11, 1995.

Certiorari Granted for Limited Purpose June 20, 1995.

As Corrected June 22, 1995.

---

Rick W. Bisher, Oklahoma City, for appellant.

Michael R. Chaffin, Chickasha, for appellee.

## MEMORANDUM OPINION

JOPLIN, Judge:

Appellant Leona Dennis (Dennis) seeks review of the trial court's order granting summary judgment to Appellee City of Chickasha (City) in Dennis' action to recover for personal injury for Dennis' failure to timely commence the action within one-hundred eighty (180) days of City's denial of Dennis' claim as required by the Oklahoma Governmental Tort Claims Act, 51 O.S.1991 § 151 et. seq., § 157(B) (hereinafter, Act). We here find City's notice of action on Dennis' claim insufficient to trigger running of the § 157(B) 180–day filing period, and hold the order of the trial court granting summary judgment to City should be reversed and the cause remanded for further proceedings.

Dennis alleged injury when she stepped on a defective City manhole cover, and, represented by counsel, filed a claim with City on December 13, 1993 to recover damages resulting therefrom. The claim was placed on the agenda for the next City Council meeting, and on December 16, the clerk posted notice of the council meeting on the bulletin board of the municipal building with an attached agenda including the item, "Consider denial of Tort Claim filed by Leona Dennis, and forward to insurance carrier." The council met on December 20, 1993, and at that time denied Dennis' claim.

Three months later in February 1994, Defendant Sedgwick James of Oklahoma, Inc., a private claims adjustment company (Adjuster), contacted Dennis' counsel and requested additional information about the claim, including a telephone statement from Dennis, and it appears Dennis gave Adjuster a telephone statement in April 1994. The parties had no further communication until July 1994 when counsel questioned Adjuster on the status of the matter. In subsequent correspondence, counsel learned that City had denied the claim at the December 1993 City Council meeting, and that Adjuster had closed the file when Dennis failed to bring suit within 180 days thereafter.

On August 24, 1994, Dennis commenced the instant action against City and Adjuster, but later dismissed as to Adjuster. As against City, Dennis alleged that City failed to notify her or her counsel of the December 1993 action on her claim, that accordingly her claim was deemed denied by operation of the Act ninety (90) days after filing thereof with City, and that she timely commenced the instant action within 180 days after the claim was deemed denied. 51 O.S. §§ 157(A), (B).

City filed a motion to dismiss/motion for summary judgment, alleging Dennis' failure to commence the action within 180 days of actual denial of the claim as required by § 157(B). In support, City attached copies of (1) the notice of City Council meeting and agenda recommending denial of the claim posted December 16, 1993, (2) the City Council minutes reflecting actual denial of the claim December 20, 1993, and (3) Dennis' petition filed August 24, 1994. In opposition, Dennis argued, *inter alia*, that City's posting of notice of recommended action on her claim did not impart sufficient notice of actual denial of the claim as to trigger commencement of the 180–day filing period. Thus, said Dennis, having no sufficient notice of City's December 1993 action on her claim, she could rely on the 90–day deemed-denied provisions of § 157(A), rendering her filing within 180 days of the deemed denial timely under § 157(B).

The trial court granted summary judgment to City, holding Dennis failed to file this action within 180 days after denial of her tort claim as required by § 157(B). Dennis appeals, and the matter stands submitted to us for accelerated appellate review on the trial court record under Rule 13(h), Rules for District Courts, 12 O.S.Supp.1993, Ch. 2, App., and Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1993, Ch. 15, App. 2.

Section 157 of the Act has consistently granted governmental entities against whom a claim has been filed ninety (90) days to act on the claim, and has further provided that where the unit does not so timely act, the

claim is deemed denied at the expiration of the 90–day period (hereinafter, the "deemed-denied" period). *See,* 51 O.S.Supp.1978 § 157. Prior to 1984, when a governmental entity took timely action on a claim, § 157 required the clerk of the governmental entity to notify the claimant in writing of the action taken, i.e., of approval or denial of the claim. 51 O.S.1981 § 157. However, in 1984, the Oklahoma legislature rewrote § 157 without the written-notice-of-action requirement. 51 O.S.Supp.1984 § 157(A); 51 O.S.1991 § 157(A). Nevertheless, in 1994, the Oklahoma legislature again revised § 157, (1) reinstating the requirement that the state or political subdivision give notice of action on a claim, but imposing a new obligation on the governmental unit to give such notice to the claimant at claimant's stated address within five (5) days of action, and (2) further providing that where the governmental entity fails to give such notice, the 180–day filing period does not begin until expiration of the 90–day deemed-denied period. 51 O.S.Supp.1994 § 157(A).

Here, the version of § 157(A) without a written notice-of-action requirement stood in effect at all times pertinent, and we recognize two prior Court of Appeals cases construing this section. *Hart v. Board of County Comm'rs,* 842 P.2d 777 (Okla.App.1992); *Patterson v. Town of Muldrow,* 865 P.2d 1269 (Okla.App.1993).

In *Hart,* the Court of Appeals rejected claimant's allegation of due process violation noting the 1984 removal of the written notice-of-action requirement from § 157, and cited "legislative comments" to 51 O.S.Supp. 1984 § 157 suggestive of legislative approval of a governmental entity's posting of meeting agenda and subsequent newspaper publication of the entity's proceedings as sufficient notice of action under the Act, thus concluding, without citation of authority, that "claimants [under the Act] are required to follow the progress of their claims." 842 P.2d at 779. In *Patterson,* substantially relying on *Hart* and citing the same "legislative comments," the Court likewise recognized the removal of the written notice-of-action requirement, and found that "the legislature put much of the burden of following the

progress of a claim upon the claimant based upon the existence of public notices upon which the claimant could rely," but held the subject posted notice, in the absence of actual notice, "not reasonably calculated to give *public* notice [of] City's action on the claim was invalid," therefore entitling claimant to rely on the 90–day deemed-denied provision of § 157. 865 P.2d at 1270, 1271. (Emphasis original.)

Insofar as the Court of Appeals has approved posting of notice as sufficient under the Act, however, we do not find these decisions persuasive as we find no such published "legislative comments" to § 157 suggesting as a result of removal of the written-notice-of-action provision either legislative approval of posting/publication of notice as sufficient under the Act to trigger running of the 180–day filing period, or imposition of a burden on claimants to monitor their claims for action thereon. *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) (party's ability to take steps to safeguard its interests does not relieve the state of its constitutional obligation to give mailed notice.) Accordingly, we must presume the legislature, by removal of the written-notice-of-action requirement from § 157, intended that in the absence of actual notice of action on his/her claim, a claimant could rely on the deemed-denied provisions of § 157 in order to ascertain commencement of the 180–day filing period.

In this vein, fundamental notions of due process require notice reasonably calculated under the circumstances to apprise an interested party of the pendency of action, to reasonably convey the required information, and to afford a reasonable time to enter an appearance and opportunity to be heard: "The means employed must be such as one desirous of *actually* informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 315, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), *cited in, Cate v. Archon Oil Co., Inc.,* 695 P.2d 1352 (Okla.1985). (Emphasis added.) The uncontroverted facts before us show that Dennis' out-of-town counsel notified City of his representation of Dennis at the time of filing of the claim, and we

consequently find the posted notice of proposed action on Dennis' claim as given by City unreasonable under due process guarantees to impart notice to Dennis or Dennis' out-of-town counsel of City's denial of the claim. *Harry R. Carlile Trust v. Cotton Petroleum*, 732 P.2d 438 (Okla.1986) ("When a party's name and address are reasonably ascertainable from sources available at hand, communication by mail or other means certain to insure actual notice is deemed to be a *constitutional prerequisite in every proceeding which affects either a person's liberty or property interests*") (Emphasis original); *Greene v. Lindsey*, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982) (posting of summons on tenant's door was inadequate means of providing notice of forcible entry and detainer).

Hence, because due process guarantees a claimant reasonable notice of action on the claim, we find the legislature must have intended in the 1984 version of § 157 that in the absence of a notice-of-action requirement, a claimant, having no actual notice of action on the claim, could properly rely on the deemed-denied provision in order to determine when suit must be commenced in compliance with the § 157 180-day filing requirement. To deny a claimant of *both* actual notice of action on a claim *and* entitlement to reliance on the deemed-denied provision, in our view, compounds the due process deprivation we have previously recognized, and cannot be tolerated. *See also, Lepak v. McClain*, 844 P.2d 852, 854 (Okla.1992) at fn. 11 ("This court is duty bound to be intolerant of the legislature's attempt to do indirectly that which the constitution directly prohibits"); *Thomas v. Reid*, 142 Okla. 38, 285 P. 92 (1930) (laws must be in harmony with spirit of constitution and may not curtail rights reserved to the people). We accordingly believe it significant and supportive of our construction that the Oklahoma legislature removed the written notice-of-action requirement from § 157 in 1984 only to reinstitute a somewhat more specific five-day notice-of-action requirement in 1994, then specifically providing for reliance on the deemed-denied provision where the governmental entity fails to give such notice. *See, e.g., Hollytex Carpet Mills v. Hinkle*, 819 P.2d 289 (Okla.App. 1991) (where the meaning of the former statute is subject to doubt, or where controversies concerning its meaning have arisen, presumption arises that subsequent amendment of the questioned statute was made to more clearly express the legislative intention previously indefinitely expressed); *Cowart v. Piper Aircraft Corp.*, 665 P.2d 315 (Okla.1983) (statutory and constitutional provisions construed as consistent whole in harmony with common sense and reason). As the legislature cannot pass laws in derogation of constitutional rights, we therefore conclude that in the absence of a specific notice requirement, a claimant may properly rely on the deemed-denied provisions of § 157(A). *Carlile Trust*, 732 P.2d at 444.

■ We therefore hold under § 157 the notice of action on Dennis' claim as given by City insufficient to trigger the 180-day filing period upon City's actual denial thereof. We further accordingly hold Dennis, having no actual notice of action on her claim, entitled to rely on the 90-day deemed-denied provision, and find Dennis' petition, filed within 180 days of expiration of the 90-day deemed-denied period timely filed. *Patterson*, 865 P.2d at 1271.

The order of the trial court granting summary judgment to City is therefore REVERSED and the cause REMANDED for further proceedings.

HANSEN, P.J., concurs.

JONES, J., dissents.